[No 7,541.—Department One.]

## A. PFISTER ET AL. *v.* HARRY WADE ET AL.

BILL OF EXCEPTIONS TO ORDER MADE BEFORE TRIAL—TIME.—A bill of exceptions to an order denying a motion to dissolve a preliminary injunction was served more than ten days after the date of the order, but in due time after judgment. *Held*, in time.

INJUNCTION—LAW IN THE CASE.—On a former appeal, the complaint was found insufficient to sustain the judgment, and upon the case being remanded, the defendant moved to dissolve a temporary injunction which had been previously issued.

*Held:* The injunction should have been dissolved unless the complaint was so amended prior to or contemporaneous with the application as to set forth a cause of action which would uphold the decree.

APPEAL from an order refusing to dissolve an injunction in the Superior Court of Santa Clara County. BELDEN, J.

A petition for hearing in Bank was filed in this case after judgment, and denied.

*M. Lynch*, for Appellant.

*Burt & Pfister*, for Respondent.

The COURT:

It is admitted by respondent that the bill of exceptions was presented and settled in time if *Tregambo* v. *Comanche Mill and Mining Company*, 57 Cal. 501, establishes the practice. That case was determined in bank, and we do not feel authorized here to reconsider the question there decided. The appeal is from an order denying a motion to dissolve a preliminary injunction issued upon the complaint. On the former appeal this Court held that the complaint did not sustain the judgment. The injunction should therefore have been dissolved, unless the complaint was so amended prior to or contemporaneous with the application to dissolve it, as that the pleading set forth a cause of action which would uphold a decree.

We may admit, without deciding the point, that the act (Statutes 1881, p. 19) amending section 386 of the Code of Civil Procedure, applies to actions pending when the amendment was adopted. But the complaint here was held insuffi-

cient for other reasons than those which the amendment declares shall no longer constitute objections to a bill of interpleader. (*Pfister* v. *Wade*, 56 Cal. 43.)

Order reversed and cause remanded.