[Department One.—January 22, 1884.]

## E. F. PATRICK, RESPONDENT, *v.* H. N. MORSE, APPELLANT.

PRACTICE—MOTION FOR NEW TRIAL—PRESUMPTION.—Where it does not appear from the transcript that an objection was made in the lower court to the hearing of a motion for a new trial, on the ground that it was not made within the time fixed by statute, the appellate court will presume that the time was extended by consent of parties.

APPEAL from an order of the Superior Court of Alemeda County, granting a new trial.

The facts are stated in the opinion of the court.

*J. B. Hart*, for Appellant.

*Irvine & Le Breton*, for Respondent.

PER CURIAM.—This is an appeal by defendant from an order granting a new trial.

Judgment was ordered in favor of defendant August 19, 1879. The cause was tried with a jury, and no notice of the decision of the court was given to the plaintiff prior to service by him of notice of intention to move for a new trial on the 7th day of November, 1879. August 29, 1879, plaintiff had, however, served notice of a motion to vacate and set aside the judgment, and the point made by appellant is that the plaintiff's right to move for a new trial expired in ten days after August 29, 1879, when, as appears by the record, he had actual knowledge of the decision of the court and the entry of judgment thereupon.

Section 1054 of the Code of Civil Procedure read :—

"When an act to be done, as provided in this Code, relates to the pleadings in the action, or the undertakings to be filed, or the justification of sureties, or the preparation of statements or of bills of exceptions, or of amendments thereto, or to the *service of notices,* other than of appeal, the time allowed by this Code may be extended, upon good cause shown, by the court in which the action is pending or the judge thereof; . . . . but such extension shall not exceed thirty days, without the consent of the adverse party."

There is nothing in the transcript to show that any objection was made below to the hearing of the motion for new trial on the ground that the motion came too late, and we must presume that the time was extended by consent of the parties.

Order affirmed.