[No. 15075.   Department One.—March 20, 1894.]

L. HICKS, PETITIONER, *v.* W. T. MASTEN, JUDGE OF THE SUPERIOR COURT OF LASSEN COUNTY, RE-SPONDENT.

BILL OF EXCEPTIONS—NOTICE OF PRESENTATION—WAIVER.—The written notice of the presentation of a proposed bill of exceptions, and the amendments thereto to the judge for settlement, provided for in section 650 of the Code of Civil Procedure, is for the benefit of the adverse party, and may be waived by him.

ID.—FAILURE TO OBJECT PROMPTLY—DUTY OF COURT.—The party or attorney who seeks to avail himself of the want of written notice of the presentation for settlement of a bill of exceptions and the amendments thereto, or of any technicality not affecting his substantial right, must be held to a prompt, consistent, and exact assertion of such technical right; and the failure to object on account of such want of notice at the time when the court fixed a date for the settlement, and requested the attorney proposing the amendments to be present, and his assent implied in the statement that he would "be on hand," is a waiver of any other or different notice, and the court should proceed to the settlement of the bill at the time designated, notwithstanding written objections then urged to the settlement for want of written notice of the presentation.

ID.—MANDAMUS.—*Mandamus* will lie to compel the settlement of a bill of exceptions prepared in time, which the judge has refused to settle on account of an objection of the opposite party for want of written notice of presentation, which has been waived by him.

APPLICATION to the Supreme Court for a writ of *mandamus* to the judge of the Superior Court of Lassen County.

The facts are stated in the opinion.

*Goodwin & Goodwin*, for Petitioner.

*Spencer & Raker*, for Respondent.

HAYNES, C.—This is an original application to this court for a writ of mandate requiring the respondent to settle a bill of exceptions.

Petitioners were defendants in an action tried before respondent and a jury in said superior court, wherein one J. F. Sharp was plaintiff. A verdict was rendered against petitioners, and a judgment was entered thereon.

Petitioners served upon Sharp's attorneys a proposed bill of exceptions, and on April 5, 1892, amendments thereto were served upon petitioners' attorneys. On April 9th the original proposed bill was left with the judge at his chambers, and on the following day the proposed amendments, and certain objections which were served by Sharp's attorneys, were also left in the judge's chambers. On the 11th, in open court, one of Sharp's attorneys being present, counsel for petitioners requested the court to fix a time for the settlement of the bill of exceptions, "and the judge, from the bench, stated that the bill of exceptions and objections to settlement, and proposed amendments to the bill in the case of *Sharp* v. *Hoffman,* had been left with him for settlement and were in his chambers, and that he would proceed to settle the same on the twelfth day of April, 1892, at 10 o'clock A. M. at his chambers, and requested both parties to be present at that time"; and Sharp's attorney then stated he would be "on hand."

No written notice of the presentation of the proposed bill and amendments was served by the moving party. An inquiry was made by counsel for petitioners of Sharp's attorney at the time the amendments were served, whether they could settle the same some day that week, to which the reply was made by Sharp's attorney that "he didn't see how they could."

At the time fixed by the court the attorneys of both parties were present, and Sharp's attorney then presented written objections to settling the bill upon several grounds therein stated, but which, in fact, covered but two points, viz: 1. That the proposed bill of exceptions was not prepared and served in time; and 2. That the five days' notice in writing required by the code, of the presentation to the judge for settlement, had not been given, and upon the latter ground the judge made a written ruling or order sustaining the last objection, and refused to settle the bill. The attorney for the moving party then requested the judge to shorten the time of written notice to three days, so that the settle-

ment of the bill might be had within the ten days named in the statute. This the judge refused to do, upon the ground "that he had no power to do so, and because he had no jurisdiction." The attorney for the moving party on the same day served a written notice that he would present said proposed bill and amendments to the judge on the 18th of the same month for settlement, and then asked the judge to continue the matter until that day, which request was also denied, and on the 18th counsel for both parties being present, and the objections renewed, the judge refused to settle the bill, and hence this application for a writ of mandate.

It is clear that petitioners, within the time required, took steps, though irregularly, to have their bill of exceptions settled. Their fault was not delay, or an utter neglect to do any thing towards securing the settlement, but in not taking the proper step. The written notice provided for in section 650 of the Code of Civil Procedure is for the benefit of the adverse party, and may be waived by him. No one would assert that if he appeared, and without objection participated in the settlement of the bill, that he could be permitted afterward to say that it was not properly settled, because written notice was not given; and, therefore, if he consents to a time designated by the court or judge for the settlement he should not be permitted, when that time arrives, to say that the bill should not be settled, because a written notice had not been served. When the judge announced that he would proceed to settle the bill on the 12th, at an hour and place named, and requested counsel for both parties to attend, counsel for Sharp said he would be "on hand." It is true that, in the agreed statement of facts upon which the case is submitted to this court, it is said "that the attorneys for said Sharp did not appear before the said judge pursuant to said, or any, notice, but appeared specially to object to said settlement.

The time at which the want of notice should have been urged was when the court fixed the time for the

settlement and requested him to be present; and his failure to object then, and his assent, implied in the statement that he would " be on hand," should have been held a waiver of any other or different notice. Objections of this character should be made at the earliest opportunity, or, at least, when the party is first required to speak in relation to it. If he intended not to waive the notice he should have objected to the judge proceeding to fix the time, and stated the grounds of his objection, and left the moving party to his application to the judge to shorten the time of notice, or such other course as he saw proper to adopt. The court should have proceeded to the settlement of the bill at the time designated. The party or attorney who seeks to avail himself of a technicality not affecting a substantial right must himself be held to a prompt, consistent, and exact assertion of such technical right.

Counsel for respondent cites *Wills* v. *Rhen Kong*, 70 Cal. 548, to the proposition that " the judge having once refused to settle the statement, the matter was ended so far as that officer was empowered to settle it." What was there said was upon facts which justified it. It was said of a statement presented long after the time for the service of a statement had passed, and after the court had refused to settle a prior statement, no complaint as to the refusal to settle the first statement appearing in the case.

It is further stated that *mandamus* is not the proper remedy, as the remedy is by appeal, citing *Stonesifer* v. *Armstrong*, 86 Cal. 594, and *Stonesifer* v. *Kilburn*, 94 Cal. 33. In those cases the bill of exceptions was confessedly not prepared in time, and the moving party applied to the court below to be relieved upon the ground of mistake and excusable neglect; and, as that question was one requiring the exercise of judicial discretion, it is obvious that *mandamus* would not lie requiring the court to relieve against the mistake or neglect, and that an appeal was the proper remedy. The circumstances requiring the one remedy rather

than the other are quite clearly indicated in *Careaga* v. *Fernald,* 66 Cal. 351, 353.

A writ of mandate should be issued as prayed for.

VANCLIEF, C., and SEARLS, C., concurred.

This cause having been regularly heard and fully considered, it is ordered that a peremptory writ of mandate do issue against the respondent, commanding him to proceed and settle and certify the bill of exceptions as prayed for in the petition herein.

HARRISON, J., GAROUTTE, J., PATERSON, J.