[S. F. No. 2131. In Bank.—August 23, 1900.]

F. C. GAMACHE, Petitioner, v. JOSEPH H. BUDD, Judge of Superior Court of San Joaquin County, Respondent.

BILL OF EXCEPTIONS—DELAY IN PRESENTATION—REFUSAL OF SETTLEMENT—MANDAMUS.—Where it appears that the draft of a bill of exceptions, with the proposed amendments thereto, were not presented to the judge nor to the clerk, nor to any deputy clerk for the judge, until several months after the lapse of the time limited for such presentation in section 650 of the Code of Civil Procedure, without any showing of excuse for the delay, the judge is warranted in refusing to settle the bill, and will not be compelled by *mandamus* to settle the same.

PETITION for *mandamus* from the Supreme Court to the judge of the Superior Court of San Joaquin County. Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, and Haven & Haven, for Petitioner.

VAN DYKE, J.—*Mandamus* to compel the respondent, as judge of the superior court of the county of San Joaquin, to settle a bill of exceptions.

In the petition for the writ it is alleged that in an action wherein the petitioner was plaintiff and the south school district of San Joaquin county and others were defendants, tried before the respondent, a judge of the superior court of said county of San Joaquin, a decree was therein rendered in favor of said defendants and against said plaintiff, the petitioner herein, on the third day of June, 1899; that no notice of the filing of the decision therein was served upon the plaintiff or his attorneys, and that on the 24th day of June, 1899, said plaintiff prepared and served his proposed bill of exceptions therein upon the attorneys of said defendants in said cause; that amendments to said bill of exceptions were proposed and served upon the petitioner, the plaintiff in said cause, on the third day of July, 1899, and it is alleged that thereafter, on the eighth day of July, 1899, the petitioner handed said proposed original bill of exceptions, together with proposed amendments

thereto, to the clerk of said superior court to be delivered
by him to said judge who tried the cause; that said judge
having failed to give notice of the time and place for set-
tling the said statement, the petitioner's attorney called his at-
tention to the fact, and that he thereupon fixed October 21,
1899, as the time for the settlement of said bill of exceptions,
and upon that day the said judge refused to settle or certify
any bill of exceptions therein, upon the ground of delay in
presenting the same to the court.

In the answer of the respondent it is denied that the bill
of exceptions and amendments were presented to the clerk
of said court to be handed to respondent as such judge, or at
all, prior to October 16, 1899, or that said proposed bill of ex-
ceptions and amendments were ever presented to respondent
as such judge prior to the 21st of October, 1899; and for the
reason that said bill of exceptions and amendments were not
presented as required by law, or at all, prior to the time speci-
fied, and because no proper showing was made why they were
not presented before, the respondent refused to settle the same.

The code provides that when a party desires to have excep-
tions taken at a trial settled in a bill of exceptions he may,
within the time therein specified, prepare a draft of the bill,
serve the same or a copy thereof upon the adverse party, and
within ten days after such service the adverse party may pro-
pose amendments thereto and serve the same, or a copy thereof,
upon the other party. "The proposed bill and amendments
must, within ten days thereafter, be presented by the party
seeking the settlement of the bill to the judge who tried or
heard the case upon five days' notice to the adverse party, or
be delivered to the clerk of the court for the judge. When re-
ceived by the clerk he must immediately deliver them to the
judge, if he be in the county. . . . . When received from the
clerk the judge must designate the time at which he will set-
tle the bill, and the clerk must immediately notify the parties
of such designation." (Code Civ. Proc., sec. 650.)

The answer of the respondent in this case having raised a
question as to a matter of fact essential to the determination of
the cause, this court ordered the case referred to Judge Edward
I. Jones, of San Joaquin county, to take and report the testi-

mony and his findings upon the issue of fact. Judge Jones finds from the testimony taken before him, as fact, "that the petitioner did not, on the eighth day of July, 1899, or at any time prior to the sixteenth day of October, 1899, hand the proposed bill of exceptions or the proposed amendments thereto, specified in the petition and answer, to the clerk of the superior court in and for the county of San Joaquin, or to any of his deputies."

The other findings on the issues presented are in favor of the respondent, and show that his refusal to settle the bill of exceptions was on the ground solely that the same was not presented in time, and that he had no authority in law to settle the same. Upon the coming in of the report of the testimony and findings of Judge Jones, as referee, the petitioner's attorney filed exceptions to said findings on the ground that the referee failed to find all of the material issues raised by the pleadings, and that said findings are not supported by the evidence, and that they are against law.

All the material issues raised by the pleadings necessary to enable the court to pass upon the application for the writ are covered by the findings, and the evidence is sufficient to support the findings. Upon the facts as found the respondent, as judge of the court who tried the cause in question, was not required to settle the bill of exceptions. In fact, it was his duty not to do so without some showing why the same was not presented as required by law.

Writ denied.

McFarland, J., Garoutte, J., Temple, J., Beatty, C. J., and Harrison, J., concurred.