[Civ. No. 2492.   Third Appellate District.—June 30, 1922.]

## PIONEER FRUIT COMPANY (a Corporation), Respondent, v. JAMES MULCAHY, Appellant.

[1] APPEAL — FAILURE TO FILE TRANSCRIPT — DISMISSAL — RULE 2 OF THE SUPREME COURT.—An appeal will be dismissed on motion, on notice given, where no transcript has ever been filed and the time prescribed by rule 2 of the supreme court for filing of the transcript has passed.

MOTION to dismiss appeal from a judgment of the Superior Court of San Joaquin County.   D. M. Young, Judge. Granted.

The facts are stated in the opinion of the court.

G. C. Allen and A. H. Carpenter for Appellant.

Robert H. Schwab for Respondent.

HART, J.—A motion on notice given has been made to dismiss the appeal herein on the ground that no transcript or other record on appeal was filed within the time prescribed by rule 2 of the supreme court (176 Pac. vii). The motion is supported by the certificate of the clerk of

the superior court certifying the nature of the action and
the relief demanded by the complaint, the amount of the
judgment appealed from, and a statement that the notice
of appeal to this court was filed in the office of said clerk
on the twenty-third day of August, 1921. The certificate
contains this further statement: "A proposed bill of excep-
tions to be used on appeal from said judgment was filed
in my office on the 11th day of October, 1921; that the
above entitled court (the Superior Court) dismissed the
proceedings for the settlement of said bill of exceptions on
the 8th day of May, 1922; that there is no other proceed-
ing pending for the settlement of the bill of exceptions or
for a transcript under Section 953-a of the Code of Civil
Procedure of the State of California; that no such pro-
ceeding under section 953-a of the Code of Civil Procedure
was ever instituted, and the time to institute the same has
expired." (See *Mulcahy* v. *Young etc., ante,* p. 382 [208
Pac. 321].)

Rule 2 of the supreme court reads in part as follows:
"The appellant in a civil action shall, within forty days
after an appeal is perfected, except as hereinafter stated,
serve and file the printed transcript of the record, duly
certified to be correct by the attorneys of the respective
parties, or by the clerk of the court from which the ap-
peal is taken. If a proceeding for the settlement of a bill
of exceptions which may be used in support of such appeal
is pending or may still be instituted, the time aforesaid
shall not begin to run until the settled and authenticated
bill of exceptions has been filed, or the time in which a
proceeding for such a bill of exceptions may be instituted
has expired, or such proceeding if instituted has been dis-
missed by the trial court. . . . "

Rule 5 of said court (176 Pac. ix), among other things,
provides that "if the transcript of the record or appellant's
points and authorities be not filed within the time pre-
scribed, the appeal may be dismissed on motion, on notice
given."

[1] It results from the situation as thus explained that
no transcript on appeal in this action has ever been filed
in this court. The time having passed for the filing of such
a transcript, and none being on file, it is the duty of this

court to grant the motion to dismiss the appeal, and such is the order.

Burnett, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 28, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.