[Civ. No. 2494.   Third Appellate District.—June 30, 1922.]

## JAMES MULCAHY, Petitioner, v. D. M. YOUNG, Judge, etc., Respondent.

[1] BILL OF EXCEPTIONS—REFUSAL TO SETTLE—MANDAMUS—BURDEN OF PROOF — PRESUMPTION OF REGULARITY. — In a proceeding in *mandamus* to compel the settlement of a bill of exceptions, the burden is upon the petitioner to overcome the presumption of the regularity of the order dismissing the proceeding in the trial court involving the settlement of his proposed bill of exceptions; and where the answer of the respondent specifies the dates on which petitioner took the several steps essential to the settlement of a bill of exceptions, the facts will be accepted as they are stated in such answer, in the absence of a specific showing in the petition sufficient to countervail the specific showing made therein.

[2] ID.—TIME FOR PRESENTATION—VOID ORDER EXTENDING.—Where no valid notice of motion for a new trial is made, the time for the presentation to the judge of a proposed bill of exceptions expires on the tenth day after the service of notice of rendition and entry of judgment, and an order of the trial court thereafter made extending the time within which a bill of exceptions might be prepared and presented is an absolute nullity.

[3] ID.—PRESENTATION OF AMENDMENTS—RATIFICATION OF VOID ORDER —ESTOPPEL.—The action of the trial court in making a void order extending the time within which the appellant may prepare and serve his proposed bill of exceptions is not acquiesced in and ratified, and the respondent is not estopped to claim a default, by the submission of amendments to such proposed bill of exceptions, where such amendments are proposed "without waiving objection . . . to said bill of exceptions on the ground that the said bill of exceptions was not served within the time allowed by law, stipulation of counsel or order of court."

PROCEEDING in Mandamus to compel D. M. Young, Judge of the Superior Court of San Joaquin County, to settle a bill of exceptions.   Writ denied.

The facts are stated in the opinion of the court.

A. H. Carpenter for Petitioner.

Robert H. Schwab for Respondent.

HART, J.—This is an application for a writ of mandate to compel the respondent to settle a bill of exceptions in

the case of Pioneer Fruit Company, a corporation, as plaintiff, against the petitioner herein, as defendant.

The petition states that the said fruit company, on the twelfth day of January, 1920, commenced an action in the superior court of said county of San Joaquin against James Mulcahy, the petitioner herein, to recover the sum of $705.18; that, upon issue being joined in said action by the filing of answer to the complaint by said Mulcahy, the cause was tried before the court, sitting without a jury, and that on June 29, 1921, the court filed its findings of fact and conclusions of law and thereupon, and on the same day, caused to be entered a judgment in favor of said fruit company and against the said Mulcahy.   The petition proceeds:

"That within the time allowed by law the defendant in said case duly made, served and filed his notice of intention to move for a new trial in said case; and that thereafter on the 23rd day of August, 1921, the said defendant duly filed his notice of appeal from said judgment, in said court and cause, with the clerk of said Superior Court, wherein and whereby the said action and the judgment entered therein was taken to this Honorable Court for review; and that thereafter and within the time allowed by law and granted by the said Superior Court, the defendant and your petitioner duly made and served his bill of exceptions in said case on the attorney for the plaintiff therein, and the same was a full, fair and *bona fide* transcript of all the proceedings in said case and contained everything your petitioner honestly believed to be necessary for a full, fair and final determination of said cause on its merits in the said Appellate Court.

"That amendments to said bill of exceptions were duly proposed and served upon your petitioner within such extension of time as was granted by the said Judge of the said Superior Court, by the said attorney for the plaintiff therein, and that thereafter and within seven days from the date of such service of such amendments, your petitioner handed said proposed original bill of exceptions, together with the plaintiff's said proposed amendments thereto, to the clerk of the said Superior Court, to be delivered by him to the said Judge who tried the cause as by law provided, as your petitioner could not accept or agree to

said proposed amendments; and that if the said proposed bill of exceptions and the said proposed amendments thereto have been filed with the clerk of said court, they have been so filed without your petitioner's knowledge or consent, and the act of so filing was unlawful, as the same was not settled.

"That ever since the said proposed bill of exceptions and amendments were handed to the said respondent judge by the clerk of said court for settlement, and for several months last past the said judge has kept said bill of exceptions and amendments in his possession and has neglected, failed and refused to settle the same or any other or different bill of exceptions in said case, and still continues to refuse to settle any bill of exceptions whatsoever in said case; and your petitioner is without remedy in the premises, and has no plain, speedy or adequate remedy in the ordinary course of law."

The respondent's answer to the petition alleges that the petitioner's notice of intention to move for a new trial was served and filed on the twenty-third day of June, 1921, or some six days prior to the entry of judgment therein. It is further stated in said answer that no other notice of intention to move for a new trial was filed in said case by the petitioner than the proposed notice filed on said twenty-third day of June, 1921. It is further alleged in the answer that the notice of the entry of judgment in said case was served on and received by the defendant on the twenty-eighth day of July, 1921; that the time for proposing a bill of exceptions expired on the seventh day of August, 1921; that, on the twenty-seventh day of September, 1921, the respondent made an order extending the time within which petitioner might prepare and perfect a proposed bill of exceptions in said case to October 15, 1921; that a proposed bill was filed or presented to the respondent herein on the eleventh day of October, 1921, and that thereafter the plaintiff in said action proposed or submitted some eighteen pages of typewritten amendments to said proposed bill of exceptions; that the said proposed amendments to said bill of exceptions "were proposed without waiving the objection of said Pioneer Fruit Company to said proposed bill of exceptions on the ground that the said bill of exceptions was not served within the time allowed

by law, stipulation of counsel or order of court''; that on the fifth day of February, 1922, a notice of motion to dismiss proceedings to settle the proposed bill was filed and that said motion was, after a hearing, granted on the eighth day of May, 1922.

The answer to the petition further alleges: ''That after the said motion to dismiss had been presented and duly considered by your respondent it was apparent that said proposed bill of exceptions was not filed in time required by law or stipulation of counsel or order of this Court and therefore there was no need of fixing any time to settle said proposed bill of exceptions.''

[1] There is an apparent conflict between the statement of the facts contained in the petition and the like statement set forth in respondent's reply as to the dates on which the several steps looking to the settlement of the bill of exceptions were taken; but an examination of the petition will readily show that, aside from the legal conclusions therein contained as to said dates, there is not a sufficient showing thereby made to warrant the granting of the relief herein prayed for. The answer of the respondent specifies the dates on which the defendant took the several steps essential to the settlement of a bill of exceptions and thus clearly shows that the defendant allowed the time within which he could have done so to pass without taking the requisite steps for that purpose. We think that the plain duty of this court, in the absence of a specific showing in the petition sufficient to countervail the specific showing made in the respondent's answer, is to accept the facts as they are stated by the latter. Indeed, the burden was upon the petitioner to overcome the presumption of the regularity of the order dismissing the proceeding involving the settlement of the proposed bill of exceptions, and, to overcome the force of this presumption, it was incumbent upon him to show the existence of the essential facts upon which his right to the relief prayed for may only be allowed. This burden he has not sustained in this proceeding, while, on the other hand, the presumption of the due regularity of the order complained of is supported by the counter-showing of the answer, in which, as opposed to the legal conclusions stated in the petition, the several dates on which the several acts were done by peti-

tioner to obtain a settlement of a bill of exceptions in said action are specifically set forth.

[2] The facts stated in the answer show, briefly, to recapitulate: That no valid notice of motion for a new trial was made; that notice of the rendition and entry of judgment was served on and received by the petitioner on the twenty-eighth day of July, 1921; that the respondent, on September 27, 1921, made an order extending the time within which the defendant in said action might prepare and present a bill of exceptions to October 15, 1921; that the proposed bill of exceptions was presented to the judge or filed on the eleventh day of October, 1921.

It is clear from the above statement that the time for the presentation to the judge of a proposed bill of exceptions expired on the seventh day of August, 1921, which was the last day of the ten days after the date that petitioner received notice of the entry of judgment (Code Civ. Proc., sec. 650). It is equally clear that the judge's order extending the time for presenting the proposed bill was an absolute nullity, inasmuch as it was long after the expiration of the time within which the petitioner was authorized by section 650, *supra,* to present a proposed bill and within which time he presented no bill. (See Code Civ. Proc., sec. 1054.) In other words, the time for the presentation of a proposed bill of exceptions as prescribed by the section referred to having expired without his having within said time presented his proposed bill, the defendant thereupon lost his right to a settlement of a bill of exceptions, and obviously, the judge's order of September 27, 1921, purporting to extend the time for presenting a bill, could not have the effect of reviving the lost or forfeited right. The judge was, under the circumstances, without the authority or power to make the order of September 27th, and his act in doing so was clearly *coram non judice.*

[3] It is contended by the petitioner, however, that, by submitting amendments to the bill of exceptions proposed by petitioner, the plaintiff in said action acquiesced in and ratified the action of the court in making the order of September 27th extending the time for presenting the bill to October 15, 1921, and that, therefore, the plaintiff should be held to have waived the right to claim and be estopped

from claiming a default against the defendant, petitioner herein, on the ground that the said order was void. (*Kramm* v. *Stockton E. R. Co.,* 22 Cal. App. 737, 744 [136 Pac. 523].) In that case, though, it appeared that adverse counsel stipulated that an extension of the time might be granted to present a proposed bill of exceptions after the court or judge, without authority or legal right to do so, had extended the time to a certain date and that thereafter said counsel had obtained an extension beyond the time allowed by law to file or present proposed amendments to the proposed bill. In this case, the respondent's answer states (and the statement is not denied) that the plaintiff in said action proposed amendments to the proposed bill ''without waiving objection of said Pioneer Fruit Company (plaintiff in said action) to said bill of exceptions on the ground that the said bill of exceptions was not served within the time allowed by law, stipulation of counsel or order of court.''

Counsel for petitioner cite these cases in support of the contention that the plaintiff in said action should be held estopped from claiming a default: *Patrick* v. *Morse,* 64 Cal. 462 [2 Pac. 49] ; *Churchill* v. *Flournoy,* 127 Cal. 357 [59 Pac. 791] ; *Horton* v. *Jack,* 115 Cal. 30 [46 Pac. 920]. These cases are very much different in their facts from the instant case, to which, therefore, they have no application.

The courts should, it is true, so far as it may be done consistently with the rules of procedure, favor the right of a litigant to resort to and exhaust every legal means for a full, complete, and final determination of rights at issue in an action at law or a suit in equity; but it is manifest from this record that the only escape from the consequences of his default which was open to the defendant was an application, based upon a sufficient showing, if one could be made, under section 473 of the Code of Civil Procedure. Under the facts presented here, however, there was no other course left to the respondent but to dismiss the proceedings involving the settlement of the bill of exceptions presented by the petitioner, and it follows, of course, that there is no other alternative left to this court but to deny the prayer of the petition herein.

Accordingly, the application for a writ of mandate herein must be, and the same is, denied.

Burnett, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 28, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.