[L. A. No. 8538. In Bank.—July 31, 1925.]

HERMAN SILVERMAN, Petitioner, v. IRA F. THOMP-
SON, Judge, etc., Respondent.

[1] BILL OF EXCEPTIONS—FAILURE TO SERVE IN TIME—WAIVER OF OB-
JECTION.—Where a proposed bill of exceptions for use on appeal
from the judgment is not served within the time prescribed by
section 650 of the Code of Civil Procedure, and counsel for the
opposing party not only acknowledges service and receipt of a copy
thereof, without making or reserving any objection based upon
such belated service, but, subsequently, and without any reservation
of his right of objection, he procures from the trial court an order
extending his time within which to prepare and serve proposed
amendments to said bill, said objection is waived, and the trial
court should settle and certify the bill of exceptions.

[2] ID.—RESERVATION OF OBJECTION—TIME.—In such case, where the
objection that the proposed bill of exceptions was not served
within the time prescribed by law is not expressly reserved at the
time opposing counsel secures an order of court extending his
time within which to prepare and serve proposed amendments, such
objection is waived, and an attempted reservation of such objection,
made thereafter and at the time of submission of the proposed
amendments, is ineffectual.

(1) 4 C. J., p. 293, n. 21.   (2) 4 C. J., p. 293, n. 20.

PROCEEDING in Mandamus to compel Ira F. Thompson,
Judge of the Superior Court of the County of Los Angeles.
to settle and certify a bill of exceptions.   Writ granted.

The facts are stated in the opinion of the court.

James, Pace & Smith, Paul E. Younkin and Troy Pace
for Petitioner.

Henry O. Wackerbarth for Respondent.

LAWLOR, J.—The petition shows that on January 18,
1922, an action entitled *M. Levinson* v. *Herman Silverman*
was filed in the superior court of Los Angeles County,
wherein the plaintiff sought to recover $5,150, with inter-
est, as a balance alleged to be due the plaintiff under a con-

1.   See 2 Cal. Jur. 562.

tract assigned to him; that judgment was entered for the plaintiff on May 5, 1924, for $6,768.92; that notice of entry of judgment was served on the attorney for the defendant May 7, 1924; that on May 15, 1924, the defendant served on the plaintiff and filed a notice of intention to move for a new trial; that on June 25, 1924, the plaintiff was served with notice by the defendant that said motion for new trial would be heard on July 3, 1924; that said motion was heard on the date noticed therefor and that the court, on July 5, 1924, in the absence of the parties and their counsel, made its order denying said motion for new trial and that the clerk entered the order on July 9, 1924, *nunc pro tunc* as of July 5, 1924; that no notice of the trial court's disposition of the motion was ever served on defendant or his counsel; that on August 6, 1924, the defendant made a substitution of attorneys; that on said latter date defendant served on the plaintiff a notice of appeal to the supreme court; that on October 20, 1924, the defendant served on plaintiff a draft of a proposed bill of exceptions; that plaintiff's counsel acknowledged service and receipt of a copy on the original thereof without any objection or reservation of a right to object to the settlement of said proposed bill of exceptions by reason of delay in the service thereof; that on October 24, 1924, the plaintiff served and filed in the supreme court a notice of motion to dismiss the appeal of defendant; that said notice contained several grounds upon which the motion was to be made, none, however, being on the ground that said bill of exceptions had not been seasonably presented or proposed; that on October 29, 1924, during pendency of the motion to dismiss the appeal, the plaintiff applied to the trial court for an order extending time within which the plaintiff might prepare, serve, and file amendments to said bill of exceptions—here, likewise, no reservation being made by the plaintiff of a right to object to any tardiness in the service of said bill of exceptions; that on November 6, 1924, plaintiff's motion to dismiss the appeal was denied by the supreme court; that on November 14, 1924, the plaintiff served and filed his objections to the settlement, allowance and certification of the proposed bill of exceptions, specifying that said bill of exceptions had not been presented within the time or in the manner provided by law, and that it had not been served or presented within

ten days after notice of the trial court's decision denying the defendant's motion for a new trial, nor within ten days after the determination‵by the trial court of defendant's motion for a new trial; that simultaneous with the serving and filing of said objections the plaintiff served and filed his proposed amendments to said bill of exceptions "without waiving such objections to the settlement"; that on November 20, 1924, a response was filed by defendant to said objections; that upon this latter occasion the defendant left with the clerk for the judge of the superior court the proposed bill of exceptions with the proposed amendments thereto, requesting that the judge fix a day for the hearing and settlement thereof; that on December 2, 1924, the matter of the settlement was heard and submitted; that on January 20, 1925, the trial court sustained plaintiff's objections to said proposed bill of exceptions and dismissed the proceedings. The defendant and appellant thereupon made application to this court for the issuance of a writ of mandate to compel said trial judge to settle and certify said bill of exceptions.

Petitioner admits that his proposed bill of exceptions was served on the plaintiff after the expiration of the time allowed therefor, but contends that the latter, by virtue of his conduct in the matter, has waived any objection thereto on that ground. We quote: "The proposed draft of the bill of exceptions was served upon the plaintiff in the action after the expiration of the time allowed therefor, that is on the 20th day of October, 1924.

"But service of the proposed bill of exceptions was accepted by plaintiff and a written acknowledgment of receipt of copy of the proposed bill was indorsed and signed upon the original of such draft of the bill, without any objection and without any reservation of right to object to the settlement thereof.

"Thereafter on the 29th day of October, 1924, and within the ten day period allowed the adverse party within which to prepare and serve amendments to the proposed bill, the plaintiff without making any objections to the time of serving the proposed bill of exceptions and without reserving any right to make such objections, made application to the court for an order extending plaintiff's time within which to prepare, serve and file amendments to the proposed bill,

filed affidavit in support of such application, and upon such affidavit an order was entered by the presiding judge extending such time by twenty days. . . .

"The motion in this court to dismiss the appeal, so referred to in the affidavit, was based upon the grounds that notice of appeal had not been taken in time, and did not involve at all the question as to whether bill of exceptions had been proposed within time. Apparently affiant had at that time no thought of objecting to the settlement of bill of exceptions as for delay else some statement to that effect would have been contained in the affidavit.

"The rule is well established that delay in the presentation of bill of exceptions may be waived by the adverse party. 2nd Cal. Jur., 'Appeal and Error,' Sec. 292; *Title Ins. & Tr. Co.* v. *California Dev. Co.*, 171 Cal. 173 [152 Pac. 542]; *Kramm* v. *Railway Co.*, 22 Cal. App. 737 [136 Pac. 523]; *Howell* v. *Pedersen*, 41 Cal. App. 45 [181 Pac. 674]; *Mulcahy* v. *Young*, 58 Cal. App. 382 [208 Pac. 321]. . . .

"This court has held that the objection to the settlement of a bill of exceptions on account of its being served too late should be made when the party objecting is first required to speak in relation to it; that the objection should be made at the earliest opportunity. And in that connection makes use of this language: 'The party or attorney who seeks to avail himself of a technicality not affecting a substantial right must himself be held to a prompt, consistent and exact assertion of such technical right.' (*Hicks* v. *Masten*, 101 Cal. 651, 654 [36 Pac. 130, 131].)

"It appears from the authorities cited and from an equitable application of the rule, that the plaintiff in the instant case 'was first required to speak' if he desired to object to settlement of the proposed bill as for delay, when the bill was presented to him for acceptance of service; and again, when the application was filed for an extension of time in which to propose amendments to the bill. Upon neither of these occasions was the objection made, and petitioner earnestly contends that a waiver of the right to object was completely made."

In reply respondent contends that "Section 650, C. C. P., grants to the respondent ten days after service of the proposed bill of exceptions within which to propose and serve amendments thereto. Neither this section nor any other sec-

tion of the code under this subdivision mentions the matter of filing or presenting objections to a proposed bill of exceptions; however, the courts have, in no uncertain terms, laid down the rule regarding the filing or presenting the objections to a proposed bill of exceptions.

"As heretofore mentioned, section 650, C. C. P., does not grant time to present objections to a proposed bill of exceptions, but merely grants time for presenting amendments thereto; therefore, we submit that M. Levinson, the respondent in said appeal, should have filed his objections to said proposed bill of exceptions at the time of the filing of the amendments.

"In the case of *Hicks* v. *Masten,* 101 Cal. 651–54 [36 Pac. 130, 131], this court held that objections to the settlement of a proposed bill of exceptions 'should be made by the person objecting at the earliest opportunity, or, at least, when the party is first required to speak in relation to it.'

"The holding in the case of *Hicks* v. *Masten, supra,* is sustained in the case of *Bollinger* v. *Bollinger,* 153 Cal. 190 [94 Pac. 770].

"Applying the rule laid down by this court in the two cases just mentioned, it was incumbent upon the plaintiff, M. Levinson, to file his objection to the proposed bill of exceptions at the 'earliest opportunity, or, at least, when' he was 'first required to speak in relation to' the proposed bill of exceptions; and the first time that the plaintiff, M. Levinson, was required to speak regarding the defendant's proposed bill of exceptions was when he proposed amendments thereto. The objections to the proposed bill of exceptions accompanied the amendments.

"We submit that the granting of twenty days additional time to file proposed amendments clearly carries with it the right to said additional time to file the objections; for, as heretofore mentioned, the objections should accompany the proposed amendments, as the filing of amendments is the only step which section 650, C. C. P., prescribes for a respondent."

[1] We have reached the conclusion that the plaintiff, M. Levinson, by his conduct waived any objection he might have had to the settlement of the bill because of its service subsequent to the time allowed therefor by law. Not only did he acknowledge service and receipt of a copy of the pro-

posed bill but, subsequently, and without any reservation of his right of objection, he procured from the trial court an order extending the time within which he might prepare and serve proposed amendments to said bill. Under these circumstances, which we hold constitute a waiver of said objection, the trial court should have settled and certified the petitioner's bill of exceptions.

The general rule is thus stated in 2 Cal. Jur., page 562, section 292: ''The rule is well established that delay in the presentation of a bill of exceptions may be waived by the adverse party. As the reason for this rule, it has been said that jurisdiction of the subject matter does not depend on prompt service of a bill of exceptions, as it does in the case of a notice of intention to move for a new trial. In fact, where the adverse party desires to avail himself of the objection that a bill of exceptions was not presented in time, he must interpose it in the trial court, or he cannot do so on appeal.

''Waiver of delay may be found in participation in proceedings for settlement without raising an objection as to the time of presentation, or in a stipulation for an extension of time. [Citing in support of the latter part of this statement the case of *Kramm* v. *Stockton Electric R. R. Co.,* 22 Cal. App. 737 [136 Pac. 523], hereinafter quoted from] . . . No waiver can be found, however, in the acceptance of service or in a stipulation for a hearing if the party expressly reserves the right to object to the delay.'' The text cites *Howell* v. *Pedersen,* 41 Cal. App. 45 [181 Pac. 674], from which we later quote.

Hayne on New Trial and Appeal, section 146, page 728, states, after examining many California cases, that ''The results of the foregoing examination of the practice where it is claimed that the statement was not proposed in time may be recapitulated as follows: The party must reserve his objection on account of the delay before proposing amendments to the statement. If he does not, he waives the objection, and cannot afterward raise it in any form. The objection when so reserved is to be urged when the statement is presented for settlement as a reason why it should not be settled. . . . ''

In *Kramm* v. *Stockton Electric R. R. Co., supra,* at page 744 [136 Pac. 523], the court, in excess of its jurisdic-

tion, granted several extensions of time, aggregating more than thirty days, within which defendant might prepare and serve its proposed bill of exceptions. The day preceding that on which the time granted by the last order of the court would expire, the plaintiff's attorney stipulated that the defendant might have an additional period within which to prepare and serve its proposed bill. The court subsequently gave an additional four-day extension and defendant within this latter period served its proposed bill of exceptions. Counsel for plaintiff thereafter acknowledged by letter the receipt of a copy of the proposed bill and inclosed a draft of a stipulation extending her time for proposing amendments thereto. This stipulation was signed by defendant's counsel. Subsequently the plaintiff procured an additional thirty-day extension from the court within which to prepare and serve her proposed amendments. Later, on the appeal, the plaintiff contended that the bill was not prepared and served within the time required by law. The court declared: "It is necessarily to be conceded that the court was without power to extend the time for more than thirty days beyond that allowed by law without the consent of the plaintiff. . . . It follows that the several orders made by the court extending the time after the first order was made were void because in excess of the authority of the court. But we think that the stipulation entered into by the attorneys for the plaintiff on the tenth day of November, and after the orders referred to were made by the court, should be held to operate as an acquiescence in and virtually a consent by said attorneys to all the orders theretofore made by the court. . . .

"The allowance by the court of the four days more time after the bill had been completed within which to serve it upon the attorneys for the plaintiff in Los Angeles without the consent of the latter was clearly in excess of the power of the court; but, as has been shown, the attorneys for the plaintiff not only accepted the bill but requested of and secured from the defendant a stipulation granting to them thirty days within which to prepare and serve their proposed amendments. Thus, we think, the plaintiff waived any right she might otherwise have had to object to the bill on the ground that it was not served within time, and should be held to be estopped from objecting to the allowance and

settlement of the bill on that ground. The acceptance of the proposed bill by the plaintiff was, in our judgment, tantamount to the giving of her consent to the order of the court allowing the four days additional time referred to.''

*Howell* v. *Pedersen*, 41 Cal. App. 45, 48 [181 Pac. 674, 675], declares, in part: ''Appellants next contend that the defendants waived their objections to the delay of the plaintiffs in serving their proposed bill of exceptions by requesting and receiving from plaintiffs additional time within which to propose amendments to such bill. It is asserted by appellants that the stipulation requested by defendants extending such time reserved no objection to the time within which the proposed bill of exceptions was served and that therefore that objection was waived. An examination of the stipulation relied upon discloses that the stipulation provided that the defendants and respondents should have until the thirtieth day of April, 1918, within which to propose any amendments or make *any objections* to the proposed bill of exceptions. If this language is not sufficiently broad to reserve the right now asserted by defendants and respondents, it is nevertheless true that an intention to waive is an essential element to effect a waiver. . . . The defendants, clearly, never intended to waive their objections and plaintiffs had no reason to believe that they did, for upon the admission of service of the bill, the defendants added the words: 'But objections on account of not being prepared and served on time are preserved for presentation when the bill of exceptions is presented for settlement.' And the stipulation setting the matter down for hearing, which is signed by the attorneys for both parties, concludes with the words: 'This stipulation is made with the understanding that said defendant does not waive, and does hereby expressly reserve, any and all objections that he may have on account of plaintiffs' proposed bill of exceptions in the above-entitled action not having been prepared and served within the time allowed by law.' Under these facts, it is manifest that there was never any intention to waive this objection, and such objection was not waived either in terms or by implication.'' (As to the waiver of an objection, see, also, *Mulcahy* v. *Young*, 58 Cal. App. 382 [208 Pac. 321], and cases cited therein.)

In the early case of *Cottle* v. *Leitch,* 43 Cal. 320, 322, the court, in effect, held that proposing amendments to a statement on motion for a new trial is not a waiver of the objection that the statement was not filed in time, if such objection is reserved, and no particular form of reservation is required.   [2]   Though in the instant case the objection was expressly reserved at the time the proposed amendments were served, no such reservation was made when an order extending time for the service of said proposed amendments was procured from the court.   In our view the absence of such a reservation when the extension of time was procured constituted a waiver of the objection.

As already indicated, the plaintiff did not pursue the course suggested by *Hicks* v. *Masten, supra,* where it is declared: "Objections of this character should be made at the earliest opportunity, or, at least, when the party is first required to speak in relation to it. . . . The party or attorney who seeks to avail himself of a technicality not affecting a substantial right must himself be held to a prompt, consistent, and exact assertion of such technical right."

Let a writ of mandate issue.

Richards, J., Seawell, J., Lennon, J., Shenk, J., Houser, J., *pro tem.,* and Myers, C. J., concurred.