[Civ. No. 5273.    Second Appellate District, Division One.—February 2, 1926.]

WILLIS WOODARD, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] BILL OF EXCEPTIONS—SERVICE—TIME—AMENDMENTS—WAIVER.— Where a proposed bill of exceptions is not served within the time allowed by law, the submission of proposed amendments thereto by the opposing party, who at the same time reserves his rights to object to the bill on the ground that it had not been served within the time fixed by the statute, does not constitute a waiver of such objection.

(1) 4 **C. J.,** p. 293, n. 23 New.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County, and Charles S. Burnell, Judge thereof, to settle a bill of exceptions.    Writ denied.

The facts are stated in the opinion of the court.

D. A. Knapp for Petitioner.

Charles W. Fourl for Respondents.

HOUSER, J.—Mandate.    In this proceeding petitioner seeks an order directing the respondent Superior Court and a judge thereof to settle a bill of exceptions.

It is conceded that the proposed bill of exceptions was not served within the time allowed by law, and that the determining question is whether there was a waiver of that fact.

Stripped of all unnecessary detail, it appears that the plaintiff in the action presented to the defendant therein, but not within the time prescribed by law, a proposed bill of exceptions; that thereupon the defendant presented to the plaintiff and filed with the clerk of the court his proposed amendments to the proposed bill of exceptions, and at the same time served the plaintiff with a notice, copy of which being as follows:

"You will please take notice that the following amendments are proposed on the part of defendant K. Eustace to the bill of exceptions or transcript on appeal proposed by plaintiff, and that said amendments are proposed and submitted by said defendant without waiving any exceptions or objections which said defendant has or may have to the said proposed bill of exceptions or transcript on appeal, or the service thereof, or the filing thereof, or the settlement of same, and without waiving objection to said bill of exceptions or transcript on appeal upon the ground that said bill of exceptions or transcript on appeal was not served within the time allowed by law, stipulation of counsel, or order of court."

[1] At all times after said notice was served the defendant reserved all objections and exceptions to said bill of exceptions and continually claimed and insisted that the plaintiff's proposed bill of exceptions was not served on the defendant within the time fixed by the statute. It is true that on December 3, 1925, on being served with notice that the proposed bill and amendments would be taken up for settlement on December 9th, the attorney for defendant signed an acknowledgment of receipt of copy of the notice, without further specifying that he continued to insist upon the objections which he had reserved. But on the following day, December 4th, he served upon plaintiff's attorney notice that on December 9th he would move to dismiss the proceedings for settlement, upon stated grounds which were the same as those which had been reserved as above stated. It is therefore clear that no waiver of the objections had been expressed, or implied, or intended.

In the case of *Hicks* v. *Masten*, 101 Cal. 651 [36 Pac. 130], a proposed bill of exceptions was served on opposing counsel after the time for performing such act as provided by the statute had expired. Amendments to the bill as presented were proposed by opposing counsel and served upon the attorneys representing the losing party in the action. The bill of exceptions and the proposed amendments thereto were then left with the trial judge. Shortly thereafter, in open court, attorneys on either side being present, counsel representing the party presenting the bill of exceptions requested the court to fix a time for its settlement. The time having been fixed by the court, the attorney representing the

party presenting the proposed amendments to the bill of exceptions stated that he would be "on hand." When the matter of the settlement of the bill of exceptions came on for hearing, objection for the first time was made thereto on the ground that the proposed bill of exceptions was not prepared and served in time. It was held that the objection came too late and as a result thereof that the failure to serve the proposed bill of exceptions within the time fixed by the statute had been waived.

In *Bollinger* v. *Bollinger,* 153 Cal. 190 [94 Pac. 770], where the facts were somewhat similar to those narrated in the foregoing citation, including the fact that no objection was made until at a meeting suggested by the trial judge between the attorneys representing the opposing parties to the action, held for the purpose of agreeing upon a settlement of the bill of exceptions—it was also ruled that the later objection in open court to the settlement of the bill of exceptions on the ground that the proposed bill of exceptions had not been served within the time prescribed by the statute was too tardily made.

In *Howell* v. *Peaersen,* 41 Cal. App. 45 [181 Pac. 674], where a bill of exceptions was not served in time and where the party upon whom it was served requested and received time additional to that provided by law, but at the same time, as well as within the admission of service upon such party of the proposed bill, reserved the right "to make any objection to the proposed bill of exceptions," it was held that the right of objecting to the bill had been fully preserved and that no waiver had resulted.

In *Silverman* v. *Thompson,* 196 Cal. 585 [238 Pac. 684], although for the first time, an objection that the bill of exceptions had not been filed in time was expressly reserved at the time the proposed amendments were served, it was held that obtaining an order from the court extending the time within which to prepare and serve such proposed amendments to the bill of exceptions without at the time reserving such rights, constituted a waiver of the objection.

The case of *Mulcahy* v. *Young,* 58 Cal. App. 382 [208 Pac. 321], would seem to be determinative of the question herein involved. The facts in that case are in close resemblance to those in the case at bar, in that the proposed bill of ex-

ceptions was not filed within the time permitted by the statute for the performance of such act, and that the opposing party submitted proposed amendments to such bill at the same time "without waiving objection . . . to said proposed bill of exceptions on the ground that said bill of exceptions was not served within the time allowed by law, stipulation of counsel or order of court." The proposed bill of exceptions not having been served in time, it was held that no ratification or acquiescence in such delay or failure was manifested by the action of the opposing party in proposing amendments to the proposed bill of exceptions and at the same time reserving his rights to object to the bill of exceptions on the ground that it had not been served within the time allowed by law. A petition to have the matter heard by the supreme court after decision by the district court of appeal was denied by the supreme court.

In view of the foregoing decisions, it is ordered that the application for a writ of mandate be and it is denied.

Conrey, P. J., and York, J., concurred.