[Civ. No. 8435.  Second Appellate District, Division One.—June 10, 1932.]

In the Matter of the Estate of FRANK JANOTA, Deceased. SARAH GOLDBERG, Respondent, v. KATRINA JANOTA, Appellant.

Joel Terrell and Howard Prowse for Appellant.

Harry Sherr for Respondent.

CONREY, P. J.—Frank Janota, a resident of the county of Los Angeles, died leaving an estate consisting of real property in said county. Thereafter Frank Bryson, public administrator, was appointed administrator with the will annexed, and on December 18, 1930, letters were issued and he duly qualified as such administrator. On June 2, 1931, Sarah Goldberg filed, as a document entitled "In the Matter of the Estate of" said decedent, a "petition for declaratory relief", asking for interpretation of the will in terms favorable to herself. This petition was opposed by respondent Katrina Janota, mother of the decedent. Thereafter on the eighth day of July, 1931, findings of fact and conclusions of law determining the controversy were signed and filed by the judge. On the following day, July 9th, a decree in favor of Mrs. Goldberg in accordance with said findings and conclusions was signed by the judge and filed in the office of the clerk of said superior court. Said decree was not entered at length in the record of judgments of said court until October 6, 1931. On August 28, 1931, Mrs. Janota appealed from the decree. Afterward a bill of exceptions was approved by the judge and filed. The record filed in this court consists of the notice of appeal and said bill of exceptions.

There has been submitted herein a motion of respondent for an order striking from the files the said bill of exceptions, and dismissing the appeal. The motion is based upon the ground that the bill of exceptions was not prepared, served or filed within the time allowed for that purpose under the provisions of sections 649 and 650 of the Code of Civil Procedure.

We need consider only section 650. It is there provided that "where a trial shall have been had on a question of fact, and a party desires to have exceptions taken at such trial settled in a bill of exceptions, he may, at any time thereafter, and within twenty (20) days after service upon him of written notice of entry of the judgment, . . . or such further time as the court in which the action is pending or a judge thereof, may allow, prepare the draft of a bill and serve the same, or a copy thereof, upon the adverse party". By section 1704 of the Code of Civil Procedure, relating to orders and decrees in probate proceedings, it was provided in part as follows: "All orders and decrees of the

court or judge must be entered at length in the minute-book of the court, *or must be signed by the judge and filed;* but decrees of distribution must always be so entered at length.'' The section as thus written was in force until August 14, 1931, when it was superseded by sections 1220 and 1221 of the Probate Code. The terms of said sections of the new statute are, however, substantially the same as said section 1704 of the Code of Civil Procedure.

In the light of the foregoing statutory rules we are of the opinion that the bill of exceptions was presented too late, and that the trial judge was without authority to approve the same. ■ Although the petition filed in the superior court by respondent Goldberg was therein described as a petition "for declaratory relief under sec. 1060, C. C. P., of California", the contents of the petition show that it was filed not as a separate action, but as a petition incidental to the administration of the estate, and it appears to have been so treated by the parties and by the court. In substance the findings and order or decree constituted a determination that in accordance with the will Mrs. Goldberg would be entitled to stand as the sole legatee or devisee of the residue of the estate. Since, as we have here determined, the ''decree interpreting will'' was an order made in a probate proceeding, it follows that the order became effective on July 9th, when signed and filed. Such signing and filing in accordance with section 1704 of the Code of Civil Procedure was the full equivalent of the ordinary entry of a decree or judgment. ■ But it is further shown by the amended bill of exceptions itself that written notice of said decree was duly served upon appellant on the same day when the decree was signed and filed. Thereupon the twenty days' time allowed for preparing and serving a proposed bill of exceptions began to run. There were no proceedings on motion for new trial and no time extensions beyond the twenty days beginning July 9th. The notice of appeal itself, filed August 28, 1931, is directed to a decree "rendered, ·filed and entered in the above numbered and entitled action, on or about the 9th day of July, 1931". Nevertheless, appellant did not serve or submit for approval any proposed bill of exceptions until the tenth day of October. The. defendant made timely objection, and has never waived her objec-

tion that said bill of exceptions was not prepared, served or filed within the time allowed by law.

The parties have stipulated that this motion to strike the bill, and to dismiss the appeal, as well as the appeal on the merits, may be submitted upon the briefs. Assuming that we are correct in holding that the bill of exceptions must be disregarded and dismissed, there will remain in the record nothing upon which to found any argument in support of the appeal.

For the foregoing reasons, the motion to strike the bill of exceptions is granted and the appeal is dismissed.

Houser, J., and York, J., concurred.