[Civ. No. 11550. Second Appellate District, Division One.—September 30, 1937.]

SWAYNE AND HOYT, LTD. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Lasher B. Gallagher for Petitioner.

Herbert R. Lande for Respondents.

HOUSER, P. J.—In the course of proceedings in the lower court in which the petitioner herein was the defendant, a motion that was made by the latter for a change of venue having been denied by the court, eleven days thereafter the said defendant "presented to the court" its bill of exceptions affecting such order of denial of said motion, and requested that said bill be settled. The plaintiff in the action objected to the settlement thereof on the ground that the proposed bill was filed too late; which objection was sustained, with the result that ever since that time the lower court has refused to settle said bill. At the instance of the defendant in the action, this court issued its alternative writ of mandate by which the lower court was directed to settle said bill, or, at a stated date, to show cause why it had not done so. The demurrer and the answer of respondents to said writ having been filed herein the question of law therein involved is now ready for determination by this court.

When, in 1872, the Code of Civil Procedure of this state was enacted, as far as concerns the instant matter, section 649 of said code contained a provision to the effect that a bill of exceptions *"to any decision"* thereafter made by the court might be presented for settlement *"at any time"* after such decision was made. In the case of *Tregambo* v. *Comanche M. & M. Co.*, 57 Cal. 501, among other things, it was held that under the provisions of section 649 of the Code of Civil Procedure, it was not necessary to immediately present a proposed bill of exceptions to a decision by the court by which a motion to open a default was denied, but that such bill might be presented for settlement in accordance with the provisions of section 650 of the Code of Civil Procedure, and since the date of the decision in that case, in principle it has been followed

in *Pfister* v. *Wade,* 59 Cal. 273, *Flagg* v. *Puterbaugh,* 98 Cal. 134 [32 Pac. 863], and *Turner* v. *Hearst,* 115 Cal. 394 [47 Pac. 129]. But in *Estate of Scott,* 128 Cal. 578 [61 Pac. 98], it was held that (syllabus) "section 649 of the Code of Civil Procedure contemplates the settlement of a bill of exceptions to a decision made in the progress of a trial at the time the decision is made, during the trial, and in the presence of the counsel for both parties, and does not contemplate a settlement of the bill after the adjournment of the court, and without any notice to the adverse counsel. Section 650 of that code makes ample provision for the settlement of a bill of exceptions after the trial upon notice to the adverse party." (See, also, *Estate of Carpenter,* 127 Cal. 582 [60 Pac. 162], and *McCarty* v. *Wilson,* 2 Cal. App. 154 [83 Pac. 170].) However, since such decisions were made, section 649 of the Code of Civil Procedure has been variously amended, with the result that as far as concerns the time within which a bill of exceptions now may be presented, instead of the uncertainty which formerly prevailed in that regard, the statutory language is that the bill "must be presented within ten days after written notice of the making of such decision". In that connection, although by the affidavits of the respective parties, a conflict appears regarding the fact of whether "written notice of making of such decision" was waived, the language contained within the clerk's minutes of the matter when it came on for hearing is clearly susceptible of the construction that in open court the defendant did waive the giving of notice, as is asserted by the respondent herein. And in view of the preponderance of evidence as it thus appears, this court will assume the fact to be established in accordance with respondents' contention in that regard. Such being the situation in accord with general authority, it would seem inescapable that as hereinbefore has been indicated, the petitioner herein, not having presented for settlement its proposed bill of exceptions within the statutory ten days, as far as the provisions of section 649 of the Code of Civil Procedure were applicable, the objection to the settlement of the proposed bill was well taken. (*Estate of Janota,* 124 Cal. App. 238 [12 Pac. (2d) 163] ; *Mulcahy* v. *Young,* 58 Cal. App. 382 [208 Pac. 321] ; *Woodard* v. *Superior Court,* 76 Cal. App. 366 [244 Pac. 953] ; *Gamache* v. *Budd,* 129 Cal. 554 [62 Pac. 105].) As a result of such considerations,

unless under the provisions of section 650 of the Code of Civil Procedure, the defendant was entitled to present to the court its proposed bill of exceptions for settlement, it should follow that the writ hereinbefore directed by this court to issue should be discharged.

In that regard, the pertinent language of section 650 of the Code of Civil Procedure is that "where a trial shall have been had on a question of fact and a party desires to have exceptions taken at such trial settled in a bill of exceptions, he may, at any time thereafter, and within twenty days after service upon him of written notice of the entry of the judgment . . . prepare the draft of a bill and serve the same, or a copy thereof, upon the adverse party".

 Notwithstanding the patent fact that by the terms of said statute, the right to have a bill of exceptions settled thereunder arises only "where a *trial* shall have been had on a question of *fact*", and that ordinarily it well might be questioned whether a ruling on a motion for change of venue (which in itself, by the provisions of section 963 of the Code of Civil Procedure, is made appealable), may be considered as falling within the purview of section 650 of the Code of Civil Procedure, it is noted that in the case of *Flagg* v. *Puterbaugh, supra* (expanding the rule announced in *Tregambo* v. *Comanche M. & M. Co., supra*), it was held that even the fact an order to which an exception is taken by the aggrieved party is by statutory provision made appealable, does not limit the right to a settlement of a bill of exceptions affecting such order to that prescribed by section 649 of the Code of Civil Procedure; but that the appealing party also is entitled to the rights with reference thereto that are conferred by the provisions contained in section 650 of the Code of Civil Procedure, which, *inter alia,* include an enlargement of the time within which a bill of exceptions may be served "upon the adverse party", to wit, twenty days. To the same effect, but as affecting a nonappealable order only, is *Tregambo* v. *Comanche M. & M. Co., supra.* See, also, *Pfister* v. *Wade, supra,* and *Turner* v. *Hearst, supra.*

 In reliance upon the correctness of the ruling as disclosed by such authority, it becomes obvious that the presentation for settlement by the defendant in the action of its proposed bill of exceptions in less than twenty days after the

decision was made on his motion for change of venue, to wit, on the eleventh day thereafter, was well within the time limited by the terms of the statute. It follows that the trial court should be, and it is, directed to settle said bill of exceptions in accord with the provisions of section 650 and other pertinent provisions of the Code of Civil Procedure.

York, J., and Doran, J., concurred.