IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1998 SESSION

**FILED**

**May 6, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

JAMES GORDON COONS, III,   )
                               )
      Appellant,         )     No. 01C01-9801-CR-00014
                               )
                               )     Davidson County
v.                             )
                               )     Honorable Ann Lacy Johns, Judge
                               )
STATE OF TENNESSEE,      )     (Post-Conviction)
                               )
      Appellee.         )

**CONCURRING OPINION**

I concur with the majority opinion. I note, though, that the case upon which the opinion relies to conclude that the statute of limitations may not be raised for the first time on appeal was decided under the former post-conviction procedure act. I am hesitant to say that such a total bar exists under the 1995 Post-Conviction Procedure Act, given the affirmative duty of the trial court to assess the timeliness of the petition regardless of whether it is raised by the state as a defense and the apparent jurisdictional effect of the running of the statute.

Pursuant to Tenn. Code Ann. § 40-30-206(a), the trial court must examine the petition and the existing court records. According to 206(b), "[i]f it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations . . . the judge shall enter an order dismissing the petition." These provisions should put a petitioner on notice that the issue of the statute of limitations is always present in post-conviction cases.

Also, it is significant to note that Tenn. Code Ann. § 40-30-202(a) provides the following relative to the significance of the running of the statute of limitations:

> Time is of the essence of the right to file a petition for post-conviction relief or a motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Subsection (b) expressly states that no court shall have jurisdiction to consider an untimely petition absent three exceptions that do not apply in the present case. Under these circumstances, I believe that the running of the statute of limitations could be addressed for the first time on appeal if it were plainly shown from the face of the record.

On the other hand, if the record does not plainly show that the statute of limitations has run, I believe that the state, as the majority opinion concludes, should be barred from raising the issue for the first time on appeal. If the issue is not raised in the trial court, the petitioner has no opportunity to resolve any questions of fact. Thus, we should not try to resolve such a question from an unclear record. Such is the case before us.

In its brief, the state notes that the petition "appears to be time barred." It states that the trial court entered its judgment of conviction on April 25, 1996, and that the petitioner filed his petition on April 28, 1997. However, although the record reflects that the petition was stamped filed in the trial court's office on April 28, 1997, the petitioner's certificate of service of an exact copy upon the district attorney general reflects that the copy was delivered to the prison post office for mailing on April 24, 1997. For incarcerated post-conviction petitioners, a pro se petition is deemed filed when it is delivered to or received by the appropriate prison official. See Tenn. R. Crim.

P. 49(c); Tenn. Sup. Ct. R. 28, § 2(G).  Thus, the petition indicates that it was filed within one year of the entry of the judgment of conviction.

Moreover, pursuant to Tenn. Code Ann. § 40-30-202(a), the petition must be filed within one year of the date that the trial court's judgment of conviction became final.  Ordinarily, a judgment becomes final thirty days after it is entered, meaning that the petitioner in the present case would have had until May 25, 1997, to file his petition.  I note that in State v. Hall, 983 S.W.2d 710, 711 (Tenn. Crim. App. 1998), this court held that when a plea is entered pursuant to a plea agreement and the defendant waives his right to appeal, the judgment becomes final on the date of the entry of the judgment of conviction, not thirty days later.  In this respect, the record before us reflects that the defendant waived his right to "trial and appellate review of the conviction."  However, nothing in the record indicates whether the waiver included sentencing or whether the petitioner knowingly intended to waive an appeal completely.

The ultimate point is that the record does not plainly show that the petition was filed untimely.  Thus, we are to treat the petition as timely filed.

_____
Joseph M. Tipton, Judge

3