[Civ. No. 6181. First Appellate District, Division One.—February 24, 1928.]

M. LEVINSON, Respondent, v. HERMAN SILVERMAN, Appellant.

James, Pace, Smith & Younkin for Appellant.

Henry O. Wackerbarth for Respondent.

TYLER, P. J.—Action to recover the balance of the purchase price of certain Russian rubles which the plaintiff's assignor sold to the defendant. The complaint alleged the entering into of a written agreement between the defendant and the plaintiff's assignor on the fourteenth day of February, 1918, wherein the plaintiff's assignor agreed to sell and the defendant agreed to purchase 40,000 Russian rubles at the sum of fifteen cents per ruble, payable in installments of $100 or more until the entire amount of the $6,000 was paid, the agreement providing that payment should not cover a period in excess of two years; that the defendant then and there paid a deposit of $250 on account of the purchase price, said sum to apply on the last installment; that plaintiff's assignor had delivered 4,000 rubles under the contract between the dates of February and June, 1918, and received therefor the sum of $600. It is then charged that defendant thereafter refused to accept and pay for the remaining 36,000 rubles at the rate stipulated, less the deposit of $250; that plaintiff's assignor had upon various occasions offered and tendered to defendant the 36,000 rubles and demanded the balance of the purchase price less the deposit, but defendant failed and refused to pay for the same. Plaintiff further alleged that his assignor had kept and performed all the conditions incumbent upon him to be performed. He also alleged tender by a deposit of the rubles with the clerk of the court. Defendant denied that plaintiff's assignor had kept or performed all the conditions or provisions of the contract incumbent upon him to be performed. By a second defense misrepresentation and undue influence on the part of plaintiff's assignor were alleged. By a third and fourth defense lack of consideration and an accord and satisfaction were pleaded. Under the second, third, and fourth defenses testimony was introduced to

show that plaintiff's assignor, one A. L. Greenberg, claimed to be a friend of defendant's and had induced him to purchase the rubles. It also appeared that Greenberg had made statements to defendant that the rubles were better than United States Liberty bonds which defendant was desirous of purchasing. There was evidence to the effect that about the time the contract was entered into defendant was weak mentally and shortly thereafter was committed to the Southern California State Hospital as an insane person. That upon his release, the following year, the parties had entered into a written agreement, for a consideration, whereby Greenberg had released defendant from all claims of every kind and character. The trial court, however, found against defendant on his affirmative defenses. It also found that plaintiff's assignor, Greenberg, had tendered and offered the 36,000 rubles with the intent to pass title, but that defendant had failed and refused to accept or pay for the same. Judgment followed in favor of plaintiff in the sum of $6,768.92. Motion for a new trial was made and denied. This is an appeal from the judgment. No claim is made upon the question of the sufficiency of the evidence to support the findings upon defendant's affirmative defenses, but it is claimed that the findings of a tender with intent to pass title of the rubles finds no support in the evidence.

Under plaintiff's pleading and the proof adduced in support thereof it is clear that the judgment fixing the damage rests on the theory that there was a tender of the rubles to defendant with the intent to pass title, for which reason plaintiff was entitled to recover the full contract price. If the title to the rubles has passed under the tender the trial court adopted the proper measure of damage, for our Civil Code provides that upon the breach of an agreement to pay for personal property sold, the detriment caused by the breach of a buyer's agreement to accept and pay for personal property, the title to which is vested in him, is deemed to be the contract price (sec. 3310). Here, however, as appellant claims, there is absolutely no evidence to show that a tender was made with intent to pass title. We have read the entire record carefully and we fail to find evidence of a tender of any kind, much less one made with intent to pass title. It is perfectly apparent from a

reading of the record relating to the question of "tender" that the attorney for the plaintiff was of the opinion that his act in depositing the rubles with the clerk of the court at the time of the filing of the complaint constituted a tender with intent to pass title. Greenberg's testimony relating to the tender is as follows: "Q. Did you ever ask him (defendant) to take delivery of them? A. Yes, sir. Mr. Wackerbarth: No question is made about the tendering of the rubles, is there Mr. Gerecht? Mr. Gerecht: I wish you would bring it up, because I don't know. Mr. Wackerbarth: I mean tendering of the rubles to the clerk of the court? Mr. Gerecht: It is in the pleadings. Mr. Wackerbarth: I deposited them myself. Q. Mr. Greenberg: Have you any knowledge as to whether or not the rubles, 36,000 rubles, were deposited with the clerk of the court? A. Yes sir." The record then shows that the rubles were deposited with the clerk at the time of the filing of the complaint. Further on Greenberg testified that he told defendant he wanted his money, but that he did not tender him the rubles but made a claim for some $12,000. Conceding that plaintiff was at all times demanding that defendant perform his contract by paying for the rubles as his pleading alleges, he not having tendered them with intent to pass title, he was not entitled to the measure of damage set forth in section 3310 of the code. ■ Every tender does not transfer title; and where, as here, the contract provides that payment is to be made upon delivery, the tender implies that the fulfillment of this concurrent condition must be complied with before title will pass from the seller to the buyer.

■ As a general rule the question of when title to goods sold passes is one of intention between the parties. Had plaintiff tendered the property and demanded payment as a condition to delivery his remedy would be controlled by section 3311 of the Civil Code, which establishes the measure of damages where title to goods sold remains in the seller. That section provides that upon the breach of an agreement to buy personal property, the detriment caused by a breach of a buyer's agreement to accept and pay for such property, the title to which is not vested in him, is deemed to be (1) If the property has been resold pursuant to section 3049, the excess, if any, of the amount due from the buyer under the contract, over the net proceeds of the resale; or (2) If

the property has not been resold in the manner prescribed by section 3049, the excess, if any, of the amount due from the buyer, under the contract, over the value to the seller, together with the excess, if any, of the expenses properly incurred, in carrying the property to market, over those which would have been incurred for the carriage thereof, if the buyer had accepted it. The principle here involved is elementary. It is fully considered and discussed in *Gopcevic* v. *California Packing Corp.*, 64 Cal. App. 140 [220 Pac. 1078].

Respondent makes the claim that even conceding that no tender was made with intent to pass title that defendant is in no position to raise the question as his pleadings admit, by reason of a defective denial, that such a tender was made. We do not so construe them. Plaintiff pleaded his tender in the following language: "That the said A. L. Greenberg has upon various and divers occasions offered and tendered to defendant the remaining 36,000 rubles and demanded of and from said defendant the balance of the purchase price therefor, less the deposit of $250.00 paid on account of such purchase price, but the defendant has failed and neglected and refused to pay the same or any part thereof." These allegations show that plaintiff was at all times demanding the purchase price as a condition to delivery. Assuming the denial to be imperfect, it cannot be construed as an admission that the rubles were tendered in any other manner than to pass title upon payment, for there is no allegation of an unconditional tender or of any tender other than with intent to pass title upon payment, and as above indicated, the evidence shows that plaintiff's assignor was at all times demanding payment, but it does not show that any tender was made either with or without the intent to pass title. Under such circumstances and even conceding that the frequent demands for the purchase price might be construed as a conditional tender still the title to the property being at all times in the vendor, plaintiff's remedy was controlled by section 3311 of the Civil Code and the trial court committed error in applying the measure of damage as set forth in section 3310 of the same code.

Nor does the fact that the rubles were deposited in court alter or change the situation. The act may have

served the purpose of keeping good the character of tender alleged, but it could accomplish no other purpose. A proper tender should have been made before suit and here, as above pointed out, there was no tender and Greenberg himself so testified. Even conceding that the testimony of Greenberg that he had conversations with defendant regarding the taking of delivery of additional rubles and the defendant's failure to do so could be construed into an offer of delivery, they could not be construed as an offer to pass title to the property to the defendant for plaintiff was, as his pleading and the evidence shows, at all times demanding payment as a condition to such delivery. This being so, the trial court committed error in applying section 3310 in the admeasurement of damage.

The judgment is reversed.

Knight, J., and Parker, J., *pro tem.*, concurred.