[Civ. No. 7710. First Appellate District, Division Two.—December 16, 1930.]

M. LEVINSON, Appellant, v. HERMAN SILVERMAN, Respondent.

Henry O. Wackerbarth for Appellant.

James, Pace, Smith & Younkin for Respondent.

STURTEVANT, J.—This is an appeal by the plaintiff from an order refusing to tax costs, and also from an order refusing to strike out a cost bill. Heretofore this plaintiff commenced an action against the defendant to recover the balance of the purchase price of certain Russian rubles. Thereafter judgment was rendered in favor of the plaintiff. The defendant made a motion for a new trial. His motion was denied and he took an appeal. Later when he presented his bill of exceptions for settlement the plaintiff objected to the settlement and the objection was sustained. ■ Thereupon the defendant filed in the Supreme Court an original application for a writ of *mandamus* directing the trial judge to settle and certify the bill of exceptions.

(*Silverman* v. *Thompson,* 196 Cal. 585 [238 Pac. 684].) The writ was granted. Although the judgment granting the writ said nothing about costs, under the provisions of section 1095 of the Code of Civil Procedure the last-mentioned judgment carried costs. ▮ Nevertheless, the prevailing party did not in the *mandamus* proceeding file a cost bill. If he wanted costs he should have done so. (Code Civ. Proc., secs. 1033, and 1110.) The judgment in the main action was reversed. (*Levinson* v. *Silverman,* 89 Cal. App. 416 [264 Pac. 796].) On April 26, 1928, the defendant served on the plaintiff his memorandum of costs. The *remittitur* from the District Court of Appeal reversing the original judgment was filed in the office of the clerk of the trial court on May 2, 1928. The memorandum of costs which had theretofore been served was filed on May 3, 1928. The plaintiff prepared and served a notice of motion to tax and of a motion to strike it out. The hearing of that motion was noticed for May 10, 1928. After the notice and motion had been filed the defendant served and filed another copy of his memorandum on May 7, 1928. In his motion to tax, the plaintiff made his objection to three items of expense claimed to have been disbursed in the *mandamus* proceeding. Those items incurred in the *mandamus* proceeding were $1 for the clerk's certificate, $7.50 filing fee in the Supreme Court and $35.50 for the cost of printing the record. ▮ The plaintiff concedes that said items could have been collected in the *mandamus* proceeding if the defendant had seen fit to follow that procedure; but the plaintiff contends that they may not be collected as costs in the main action. (15 C. J. 186.) The defendant cites and relies on the language contained in section 1027 of the Code of Civil Procedure. Conceding that the language is somewhat broad, nevertheless it is confined to expenditures actually paid out by the prevailing party in connection with the appeal. The section does not purport to award costs in one action that were incurred in another action or special proceeding. In *Chapin* v. *Broder,* 16 Cal. 403, at page 418, the court said: "The recovery of costs is a matter regulated exclusively by statute, and the mode pointed out for that purpose must be strictly pursued." ▮ Connected with the foregoing items the plaintiff objected to a charge of $122 for printing the record on appeal in the main action.

It was an admitted fact that the amount paid for said purpose was $118 and not $122. The item should have been taxed at $118 and not $122. We think the motion to tax should have been granted as to the items complained of.

The motion to strike the entire cost bill rests on the fact that the plaintiff's memorandum of costs was served before the *remittitur* had been filed, although it was filed thereafter. However, as stated above, another copy was served and filed on May 7, 1928. As to the last-mentioned copy, the record does not show that any attack whatever was made thereon. The original memorandum was prematurely served, although it was filed in proper time. The second copy was both served and filed in proper time. The order denying the motion to strike does not specify whether it refers to the memorandum served on April 26, 1928, or the one served on May 7, 1928. Under these circumstances the error, if any, was waived. (7 Cal. Jur. 294; *Legg & Shaw Co.* v. *Worthington,* 157 Cal. 488 [108 Pac. 284].)

The order refusing to strike out the memorandum of costs is affirmed, but the order refusing to tax the costs is reversed and the trial court is directed to make an order not inconsistent with what has been said above. The appellant will recover his costs on this appeal.

Nourse, P. J., and Spence, J., concurred.