[No. 12602.   Department Two. — June 18, 1888.]

JOSEPH A. MELLOR, PETITIONER, v. ROBERT CROUCH, SUPERIOR JUDGE OF NAPA COUNTY, RESPONDENT.

NEW TRIAL — AMENDMENTS TO STATEMENT — NOTICE OF SETTLEMENT. — When amendments to the proposed statement on motion for new trial are not adopted, they may be delivered to the clerk for the judge, who is required by section 650 of the Code of Civil Procedure to designate the time for settlement thereof, and no previous notice of settlement is required to be given by the moving party in such case. The provision for five days' notice in section 659 is limited to the case where the amendments are presented by the moving party to the judge.

ID. — REFUSAL TO ADOPT AMENDMENTS. — No notice of the refusal of the moving party to adopt proposed amendments to the statement on motion for new trial is required to be given other than the delivery of the statement and amendments to the clerk or judge.

PETITION for writ of mandate to the judge of the Superior Court of Napa County. The facts are stated in the opinion of the court.

F. E. Johnston, for Petitioner.

Thomas P. Stoney, and Dennis Spencer, for Respondent.

McFARLAND, J. — Petition for a writ of mandate to compel respondent, judge of the superior court of Napa County, to settle a statement on motion for a new trial.

Petitioner was defendant in a certain action pending in the said superior court; and judgment having been rendered in favor of the plaintiff therein, the petitioner served and filed a notice of intention to move for a new

trial, and, in due time, prepared a draught for a statement on motion for new trial and served it upon the attorney for plaintiff. In due time the attorney for plaintiff therein prepared and served upon petitioner certain amendments to said statement. Within ten days thereafter, the petitioner, not desiring to adopt said amendments, delivered said proposed statement and said amendments to the clerk of said court for the judge thereof, the respondent herein; but petitioner did not serve upon the plaintiff in said action any notice that he had delivered said statement and amendments to said clerk, nor did he serve any notice whatever. The said clerk immediately delivered said papers to said judge, who afterward designated a time at which he would settle said statement, and the clerk notified the parties of such designation. But at the time designated the attorneys for plaintiff in said action appeared and objected to the settlement of the statement, because petitioner had given no notice to plaintiff of his intention to present the statement and amendments to the judge, or to deliver the same to the clerk, or that he had not adopted the amendments. And for these reasons alone the respondent refuses to settle the statement. The proceeding in mandate was submitted on a demurrer to the petition, it being agreed that the facts are correctly stated in the petition, and that final judgment may follow the disposition of the demurrer.

We think that it is the duty of the respondent to settle the statement. The parts of the Code of Civil Procedure which govern the determination of the question here presented are contained in sections 659 and 650. Section 659 provides as follows: " If not adopted, the proposed statement and amendments shall, within ten days thereafter, be presented by the moving party to the judge, upon five days' notice to the adverse party, or delivered to the clerk of the court for the judge; and thereupon the same proceedings for the settlement of the

statement shall be taken by the parties, and clerk and judge, as are required for the settlement of bills of exception by section 650." Section 650 has a similar provision about proposed bills of exceptions and amendments, and the delivery thereof to the judge or clerk, and proceeds as follows: "When received by the clerk, he must immediately deliver them to the judge. . . . . When received from the clerk, the judge must designate the time at which he will settle the bill, and the clerk must immediately notify the parties of such designation. At the time designated, the judge must settle the bill." The obvious purpose of these provisions is, that the parties may have notice of the time when the statement will be settled. When the statement and amendments are presented directly to the judge, there is no provision for any notice of the time of settlement to be thereafter given by either the judge or clerk; and in such case, therefore, the five days' notice mentioned in section 659 must be given by the party himself. But when the papers are delivered to the clerk for the judge, the purpose of the code is effected through the requirement that *then* the judge must designate a time for the settlement, and the clerk must give notice of it. The provision about the five days' notice in section 659 qualifies, we think, only the preceding clause of the sentence, and is not applicable to the case when the statement and amendments are delivered to the clerk for the judge.

The point that petitioner did not notify plaintiff in the said action of his refusal to adopt the amendments, and that he thereby elected to adopt them, cannot be maintained. The code provides for no method of signifying a refusal to adopt other than the delivery of the statement and amendments to the clerk or judge.

The demurrer to the petition is overruled, and it is ordered that the writ issue as prayed for.

THORNTON, J., SHARPSTEIN, J., and SEARLS, C. J., concurred.