[Civ. No. 5233.  First Appellate District, Division Two.—May 25, 1925.]

# ROSE A. PARRY, Respondent, v. AMY I. CAMPBELL et al., Appellants.

[1] BILL OF EXCEPTIONS—TIME OF PRESENTATION FOR SETTLEMENT—FAILURE TO COMPLY WITH ESSENTIAL REQUIREMENT.—The time limitation contained in section 650 of the Code of Civil Procedure, within which the proposed bill of exceptions and amendments must be presented by the party seeking the settlement of the bill of exceptions, applies alike to the presentation of the bill of exceptions and the proposed amendments to the judge who tried or heard the case and to the delivery of them to the clerk for the judge; and where the person desiring the settlement of the bill of exceptions fails to comply with this essential requirement, his right to have the bill of exceptions settled is gone, unless he is relieved from the effect of such failure by the trial court under the provisions of section 473 of the Code of Civil Procedure.

(1) 4 C. J., p. 271, n. 32.

MOTIONS to strike transcript from record on appeal from an order of the Superior Court of Los Angeles County and to dismiss appeal. Wm. C. Doran, Judge. Motions granted.

The facts are stated in the opinion of the court.

James F. McBryde and Eugene J. Wix for Respondent.

Douglas L. Edmonds, Louis F. Labarere and John A. Cronin for Appellants.

LANGDON, P. J.—This is an appeal by the defendant from an order appointing a receiver to take charge of certain properties and collect the rents, issues, and profits thereof, pending an appeal in an action between the same parties arising out of an alleged breach of contract of exchange of said properties, which appeal has this day been decided by this court and the judgment affirmed. (*Parry* v. *Campbell, ante,* p. 748 [238 Pac. 127].)

1. See 2 Cal. Jur. 550.

The plaintiff and respondent has made a motion to strike the transcript from the files and a motion to dismiss the appeal. The ground for these motions is that the bill of exceptions, which constitutes the transcript upon appeal, was not prepared, proposed, served, or presented to the clerk or the court or counsel within the time allowed by law, nor was proper notice of the time of settlement given counsel. [1] These objections were made by plaintiff and respondent, who appeared specially for this purpose at the hearing in the trial court when the bill of exceptions was settled and allowed, and the trial court held that the law does not require the presentation of said proposed bill of exceptions or of said proposed amendments thereto within ten days after service of said proposed amendments to said proposed bill of exceptions and does not require the giving of five days' notice to the adverse party of the time of said settlement when the bill of exceptions and amendments thereto are presented to the clerk for the judge who tried the case instead of to the judge personally, and the bill of exceptions was settled and allowed.

We are unable to find authority for the distinction above made and the Code of Civil Procedure (section 650) does not express it. The language pertinent here is as follows: "The proposed bill and amendments must, within ten days thereafter (after service of proposed amendments), be presented by the party seeking the settlement of the bill, to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court for the judge." The limitation as to time seems to apply as well to a delivery to the clerk for the judge as to a delivery to the judge himself, and, as we have stated, we are unable to find any authorities construing the section otherwise. That being true, the appellant had no right to have his bill of exceptions settled after the expiration of the time mentioned in the code. It is said in *Moultrie* v. *Tarpio,* 147 Cal. 376 [81 Pac. 1112], with reference to the foregoing language of the code: "Compliance with this requirement is essential to the right of a party to have his bill of exceptions settled, and if he fails to so comply, his right is gone, unless he be relieved from the effect of such failure by the trial court under the provisions of section 473 of the Code of Civil Procedure."

The motion to strike the transcript from the files is granted. It follows that the appeal must be dismissed and it is so ordered.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on July 23, 1925.

All the Justices present concurred.