[Civ. No. 231. Fourth Appellate District.—February 14, 1930.]

S. A. WOODY et al., Respondents, v. SECURITY TRUST & SAVINGS BANK, a Corporation, et al., Appellants.

Frank P. Doherty, M. Eleanor Mack, Franklin W. Peck and C. L. Claflin for Appellants.

Brittan & Brittan for Respondents.

BARNARD, J.—The plaintiffs on May 4, 1926, filed an action in the Superior Court of Kern County against Security Trust & Savings Bank, a corporation, and fictitious defendants, for the purpose of quieting title to certain land in that county. The summons in said action was served on the bank in the county of Los Angeles on May 6, 1926. The bank having failed to appear in the action its default was entered on June 7, 1926. On June 24, 1926, the said bank and C. H. Barlow, sued in the action as John Doe, filed a notice of motion to vacate and set aside the default and decree, together with supporting affidavits, and a proposed answer. This motion was heard and submitted on July 12, 1926, and on March 24, 1927, an order was entered denying the same. Notice of this order was served on April 15, 1927. On May 2, 1927, defendants served and filed notice of appeal from the order denying the motion referred to, and on the same day the attorneys entered into a written stipulation giving the defendants until May 20, 1927, in which to prepare and file a proposed bill of exceptions. On May 17, 1927, defendants mailed the original and a copy of their proposed bill of exceptions to the attorneys for plaintiffs, with the request that they stipulate to its correctness, and have it presented to the judge. With this they inclosed a stipulation giving the plaintiffs twenty days' additional time in which to prepare amendments to the proposed bill of exceptions. On June 7, 1927, plaintiffs' attorneys mailed a copy of their proposed amendments to defendants' attorney, stating that the original thereof and the original bill of exceptions had been submitted to the judge, and requesting a stipulation, if the amendments were consented to, so that the exceptions and amendments might be engrossed. On July 8, 1927, the county clerk wrote to defendants'

attorney as follows: "Judge Owen has directed us to advise you that he will sign the proposed bill of exceptions in the above entitled case, when the proposed amendments are engrossed in said bill of exceptions."

On August 11, 1927, defendants' attorney wrote to the attorneys for plaintiffs, suggesting that they had inadvertently left out of their proposed amendments a certain affidavit, and inquiring if they desired to include the same in their amendments. On August 15, 1927, plaintiffs' attorneys replied as follows: "We were advised by the County Clerk some time ago, and he said he would write to you asking you to engross the bill of exceptions, if the amendments had been allowed, and I presumed that this had been done. Judge Owen is now away and will not return for some time. I will take it up with him at the first opportunity and go over the matter with him, and advise you accordingly." On September 17, 1927, defendants' attorney again wrote to plaintiffs' attorneys, as follows: "I have not heard from you relative to inserting in your proposed amendments to the bill of exceptions in the above case, the affidavit of S. A. Woody. Please advise me if you desire this affidavit in your proposed amendments so we may have the bill of exceptions engrossed and presented to the judge for final settlement. I will appreciate hearing from you." On September 19th plaintiffs' attorneys replied that they saw no necessity for adding the affidavit in question, and closed with this sentence: "Consequently, we suggest that you go ahead and have the bill engrossed so that the matter will get on its way." To this defendants' attorney replied on September 26, 1927, as follows:

"I have your letter of September 19th in reply to mine asking if you cared to have the Woody affidavit incorporated in the proposed amendments to proposed bill of exceptions in the above entitled case. In accordance with your letter, I have amended the proposed bill of exceptions and enclose it herewith, in order that you may sign the stipulation as to its correctness. Will you then please file the same with the clerk, in order that the same may be settled and allowed at an early date."

On October 7, 1927, defendants' attorney again wrote plaintiffs' attorneys, inquiring whether the engrossed bill of exceptions had been delivered to the clerk, and whether

or not the judge had approved the same. On the same day plaintiff's attorneys wrote to defendants' attorney as follows:

"We do not feel as though we wanted to sign the stipulation as to the bill of exceptions in the above matter, as one of the parties to the action, George Parker, is an attorney, and he feels we are under no obligation to sign the stipulation for the reason that if there are any particular advantages to be taken by reason of the fact that the bill of exceptions is not engrossed and filed within time, that we should take advantage of the same; and he therefore objects to me signing or making the stipulation requested.

"I therefore wish you would take the matter up directly with the court and have it taken care of in that manner so that I will not have to sign the stipulation in connection with the matter at all."

On October 8, 1927, defendants' attorney wrote to Judge Owen, stating he was inclosing the engrossed bill of exceptions; that plaintiffs' attorneys had stated they did not care to stipulate to the same, for the reason that advantage might be taken for failure to present within the time allowed by law, and closing: "In the event Mr. Brittan objects to the settlement of the bill of exceptions by you, I would appreciate it, if you would advise me as I wish to be heard." On October 10, 1927, the county clerk wrote defendants' attorney as follows:

"Judge Erwin W. Owen has directed that you be notified that the proposed engrossed bill of exceptions in the above entitled case will be heard Monday, October 17, 1927, at 2 o'clock p. m., in Department No. 2."

The hearing on said proposed bill of exceptions was continued from October 17, 1927, to October 31, 1927, and again continued to November 28, 1927, at which time it was continued until December 5, 1927. In the meantime, on November 7, 1927, plaintiffs' attorneys served an "objection to settlement, or allowance, or engrossment, or certification of bill of exceptions by plaintiffs." This was based on the claim that the same had not been presented, or engrossed, or certified, as provided in sections 649, 650, of the Code of Civil Procedure; that the defendants had not shown due diligence or excusable neglect in relation to the same; and

that the court was without jurisdiction to allow or certify said proposed bill of exceptions.

On December 5, 1927, a motion of the defendants to be relieved of their default by reason of inadvertence and excusable neglect, as set forth in an affidavit appearing in the bill of exceptions, was heard and denied by the court, and at the same time the court refused to settle, or order engrossed, or certify the proposed bill of exceptions. The defendants have appealed from these last two orders and have presented a bill of exceptions setting forth the prior proposed bill of exceptions, submitted on May 17, 1927, with plaintiffs' amendments thereto, submitted on June 7, 1927, together with letters, documents and affidavits showing the state of facts above set forth.

The only question presented by this appeal is that raised by defendants' first and second specifications of error, as to whether or not the trial court erred in its order made on December 5, 1927, refusing defendants relief from their default, if any, in presenting and getting certified the first bill of exceptions, and in further refusing to settle, allow and certify the proposed bill of exceptions.

In the first place, it does not clearly appear that the defendants were in default in the matter of presenting and having certified a proper bill of exceptions. In order to justify a refusal to certify a bill of exceptions, the effect of which may be to deprive a party of his right to his day in court, upon the ground of the default of such party in strictly complying with the terms of the statute, it must be made to clearly appear that such default actually existed. Section 649 of the Code of Civil Procedure provides that a bill of exceptions may be presented to the court, or judge, "and after having been settled, must be signed by the judge and filed with the clerk." Section 650 of the same code, provides that the proposed bill and proposed amendments must, within ten days after the serving of the proposed amendments, be presented by the party seeking the settlement of the bill, to the trial judge, upon five days' notice to the adverse party, or be delivered to the clerk of the court for the judge. When delivered to the judge, this section makes no provision for the time within which it must be engrossed, after approval by the judge, and re-presented to him for certification; but the section does provide that

when it is delivered to the clerk, he must immediately deliver it to the judge, and that the judge must then designate the time at which he will settle the bill, and the clerk must immediately notify the parties of such designation, at which time the judge must settle the bill, and that thereupon the bill must be engrossed and presented to the judge for certification, by the party presenting it, within ten days.

 In the instant case plaintiff's attorneys wrote to defendants' attorney on June 7, 1927, as follows: "We are enclosing herewith, copy of proposed amendments to proposed bill of exceptions, the original of which, together with the original bill of exceptions, has been *submitted to the judge.*"

It does not appear from this whether it had been submitted to the judge by the attorneys for the plaintiffs or whether they had delivered it to the clerk, and it had been by the clerk submitted to the judge. If it was handed directly to the judge, the statute provides no time within which it must have been engrossed. And there appears nowhere in the record any minute order, or any order of any character, purporting to settle the proposed bill of exceptions, or allowing any or all of the amendments proposed. If it were delivered to the judge by plaintiffs' attorneys, the adverse party had, not only five days' notice, as provided in the statute, but immediate notice, having delivered it themselves. On the other hand, if the proposed bill was delivered to the clerk, and by him delivered to the judge, under the terms of the statute it became the duty of the judge to designate the time at which he would settle the bill, and of the clerk to notify the defendants' attorney of such time. The first notice of this kind appearing in the record, is that of October 10, 1927, when the clerk wrote to the defendants' attorney, informing him that the trial judge had directed that he be notified that the proposed engrossed bill of exceptions would be heard on October 17, 1927. The fact that this time was fixed by the judge, and notice given by the clerk, would indicate that the proposed bill had been handed to the clerk, and by him delivered to the judge. The notice having been given by direction of the court, and apparently in conformance to the provisions of the statute, if it be assumed that the acts of the court are regular and legally done, the record would indicate the bill had been sub-

mitted by the clerk. In either event, a default does not clearly appear.

It further appears from the record, that even if the defendants were in default in the respect complained of, the plaintiffs themselves had waived such default, and had failed to make prompt objection thereto, even when the matter was set for hearing. In *Hicks* v. *Maston*, 101 Cal. 651 [36 Pac. 130, 131], the court uses this language: "The party or attorney who seeks to avail himself of a technicality not affecting a substantial right must himself be held to a prompt, consistent, and exact assertion of such technical right." (See, also, *Bollinger* v. *Bollinger*, 153 Cal. 190 [94 Pac. 770]; *Houghton* v. *Superior Court*, 128 Cal. 352 [60 Pac. 972]; *Silverman* v. *Thompson*, 196 Cal. 585 [238 Pac. 684].)

No objection of any kind was filed by plaintiffs' attorneys, prior to the time set for hearing the matter on October 17, 1927, nor at that time, nor up to the time of the next continuance thereof, October 31, 1927. The first objection filed or served, so far as the record shows, was on November 7, 1927.

In addition to this more technical waiver, the correspondence and conduct of the parties, especially in view of the somewhat irregular manner in which the matter was being handled, must be held to constitute a waiver. In their letter of June 7, 1927, plaintiffs' attorneys asked defendants' attorney for a stipulation, as to their amendments, so that the bill of exceptions and amendments might be engrossed. Without a reply to this, on August 11th, defendants' attorney wrote them in regard to a matter he thought they had inadvertently left out. Without replying to this suggestion, plaintiffs' attorneys answered to the effect that the judge was away, would not return for some time, and that they would take it up with him at the first opportunity, go over the matter with him, and advise defendants' attorney accordingly. On September 17th, defendants' attorney again wrote to the attorneys for the plaintiffs, in regard to the suggested inadvertent omission, to which these attorneys replied to the effect that they did not desire the correction suggested, and closed by saying, "Consequently, we suggest that you go ahead and have the bill engrossed so that the matter will get on its way." Within six days after that letter could have been received, defendants' attorney mailed

the proposed bill of exceptions to plaintiffs' attorneys, with the request that it be filed with the clerk. No objection was then made, and it was not until two weeks later that the first intimation of an objection appeared, and this was to the effect that it was preferred that it be left to the court, rather than be approved by stipulation. It is a not unusual practice for attorneys located in distant cities, to ask opposing counsel, located at the seat of the court, to deliver or file papers, the delivery or filing of which is more incumbent upon the other party. That they have no right to so request, may be conceded. It may also be conceded that for a time after July 8, 1927, the attorney for the defendants, if not technically in default, was at least negligent. But under the circumstances, especially as they appear after that time, and with such acquiescence as is shown by the record here, we feel that plaintiffs' attorneys have, more than in a mere technical sense, waived any default in the matter complained of, if such default there was.

The second point raised and argued in the briefs of both parties, is whether or not the court erred in its order of March 24, 1927, denying relief to the defendants, under section 473 of the Code of Civil Procedure, for their original default in failing to appear in the action within thirty days after the service of summons. Unfortunately, we are not in position to pass upon this point, for the reason that the refusal of the trial court to settle the first bill of exceptions leaves no record before us, relating to that question. While it is true that the bill of exceptions upon this appeal sets forth a copy of the prior proposed bill of exceptions, and the proposed amendments thereto, in the absence of settlement by the trial judge, we do not know whether or not they are full and complete, or whether or not they contain assertions not in accord with the facts.

The orders appealed from are reversed, with instructions to the trial court to settle and certify the bill of exceptions.

Sloane, P. J., and Marks, J., concurred.