[Civ. No. 308. Fourth Appellate District.—April 15, 1930.]

H. D. LESTER et al., Petitioners, v. SUPERIOR COURT OF TULARE COUNTY et al., Respondents.

C. W. Braswell for Petitioners.

Power, McFadzean & Crowe and James R. McBride for Respondents.

BARNARD, Acting P. J.—This is a petition for a writ of *mandamus* to compel the respondents to settle a bill of exceptions.

The petitioners were defendants in a certain action pending in said Superior Court. They appealed from an order made and entered in said action striking out their answer and counterclaim and refusing permission to file an amended answer and counterclaim. The said defendants prepared a bill of exceptions and served the same on the attorney for the plaintiffs by mail on December 6, 1929, and filed the same with the clerk of said court on December 9, 1929. On December 11, 1929, the plaintiffs served upon the attorney for defendants certain proposed amendments to said bill of exceptions and filed the same with the clerk of said court on December 12, 1929. On December 23, 1929, the attorney for defendants served upon the attorney for plaintiffs a notice that the proposed bill of exceptions, with the amendments thereto, would be presented to the judge for settlement on January 6, 1930, at 10 o'clock A. M. When the matter came up for hearing the plaintiffs objected to the settlement of such proposed bill of exceptions on the ground that the same was not presented to the judge of said court for settlement until after the expiration of the time fixed by law for said presentation. This objection was sustained and the settlement of the bill of exceptions was refused. Thereupon this proceeding was instituted.

The respondents rely upon the cases of *Witter* v. *Andrews*, 122 Cal. 1 [54 Pac. 276], and *Moultrie* v. *Tarpio*, 147 Cal. 376 [81 Pac. 1112]. In the first of these cases there is involved the question of notice, where the bill in question was presented directly to the judge. In the other case the proposed bill of exceptions was neither presented to the judge nor to the clerk within the time allowed. ▪ Where, however, the bill of exceptions and the amendments are delivered to the clerk of the court for the judge, no notice on the part of the moving party is required. (*Mellor* v. *Crouch*, 76 Cal. 594 [18 Pac. 685]; *Curtin* v. *Ingle*, 155 Cal. 53 [99 Pac. 480].) Section 650 of the Code of Civil Procedure provides that the adverse party may propose amend-

ments to a bill of exceptions within ten days after the service of such bill upon him. It then provides: ''The proposed bill and amendments must, within ten days thereafter be presented by the party seeking the settlement of the bill, to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court for the judge.'' The section then provides that when they are received by the clerk he must deliver them to the judge, who must then designate the time at which he will settle the same, and the clerk must immediately notify both parties of such time of settlement. In commenting upon the provisions of this section and also similar provisions of section 659 of the same code, as they then existed, the court in *Mellor* v. *Crouch, supra,* said as follows:

''The obvious purpose of these provisions is, that the parties may have notice of the time when the statement will be settled. When the statement and amendments are presented directly to the judge, there is no provision for any notice of the time of settlement to be thereafter given by either the judge or clerk; and in such case, therefore, the five days' notice mentioned in section 659 must be given by the party himself. But when the papers are delivered to the clerk for the judge, the purpose of the code is effected through the requirement that *then* the judge must designate a time for the settlement, and the clerk must give notice of it. The provision about the five days' notice in section 659 qualifies, we think, only the preceding clause of the sentence, and is not applicable to the case when the statement and amendments are delivered to the clerk for the judge.''

Both the bill of exceptions and the amendments were filed with the clerk within the ten days allowed. Having been so filed within the time provided in the statute, it was the duty of the clerk to deliver the same to the judge, of the judge to fix the time for settling the same, and then of the clerk to notify the parties. No notice of the time of settlement was required to be given by the defendants under such circumstances. The notice given by the attorney for defendants that the matter would be presented to the judge on January 6, 1930, was unnecessary. While the trial court was under no obligation to settle the bill of exceptions at that time, it was its duty to fix a time for the settlement of

the same. It follows that the order refusing to settle said bill of exceptions upon the ground that the same, and the amendments thereto, were not presented for settlement until after the time fixed by law for said presentation had expired, was erroneously entered. It is the duty of the respondents to designate a time at which said bill of exceptions will be settled, and after notice given to the parties by the clerk, to proceed to settle the same.

It is ordered that the writ issue as prayed for.

Marks, J., and Owen, J., *pro tem.*, concurred.