[Civ. No. 4318. Third Appellate District.—October 21, 1931.]

WILLIAM J. ALBAUGH, Respondent, v. MT. SHASTA POWER CORPORATION (a Corporation), Appellant.

William B. Bosley, Thomas J. Straub, Chenoweth & Leininger, Jones & Dall, Athearn, Chandler & Farmer and Frank R. Devlin for Appellant.

Jesse W. Carter, Arthur C. Huston and Annette Abbott Adams for Respondent.

THOMPSON (R. L.), J.—This is a rehearing in an appeal from a judgment for damages in the sum of $65,000 for the diversion of the water of Fall River, and from the issuing of an injunction prohibiting the defendant from using any of the water of that stream until the judgment is satisfied. This is a companion case with that of *Merton Crum et al.* v. *Mt. Shasta Power Corp.*, (Civil No. 4264) *ante,* p. 586 [4

Pac. (2d) 564], in which an opinion of this court was this day filed. These two cases were tried upon substantially the same evidence. The same issues are involved in both actions. Upon the authority of the Merton Crum case, it becomes necessary to also reverse the judgment in this case.

The plaintiff in the present action owns 400 acres of farm land situated on the north bank of Pit River, on Pitville Pool, opposite the property which is owned by Merton Crum. Upon the authority of the case of *Turner* v. *James Canal Co.*, 155 Cal. 82 [132 Am. St. Rep. 59, 17 Ann. Cas. 823, 22 L. R. A. (N. S.) 401, 99 Pac. 520], it may be assumed the plaintiff's land is technically riparian to Fall River during the low-water period in the summer-time. On the theory that the water of Fall River comes in contact with the soil of his land during that period of the year when it is impounded in Pitville Pool, upon the production of competent evidence of damages, he is entitled to compensation for its diversion.

For the reasons assigned in the Merton Crum case, the damages which were awarded in this case are grossly excessive. The injunction has been waived and the application of its terms, which are too broad, is therefore not involved. The plaintiff never actually irrigated his land from water taken from Pitville Pool. The water which he used upon his land was taken from Loosley Pool and was conveyed to his land by means of gravity. Loosely Pool is also an enlargement of Pit River. It is situated above Young's Falls. The water upon which the plaintiff relies for irrigating his land was therefore not disturbed by the diversion of Fall River. The diversion of Fall River never affected his beneficial use of the water of that stream. It is only by virtue of the application of the doctrine of usufructuary title to water that his rights were thereby invaded. No actual monetary damage has been shown. The evidence of damages is insufficient and incompetent. It is based upon an erroneous theory of a permanent decrease of the quantity of water in Pitville Pool.

The plaintiff was awarded damages equivalent to a valuation of $162 an acre for all of the land he owns. The evidence discloses the fact that a portion of this ranch was purchased ten years previously for $55 an acre. From evidence of a number of sales of similar land in that immediate vicinity, which ranged from $30 an acre to $100 an acre,

it is apparent the amount of damages which was awarded in this case is excessive.

The judgment is therefore reversed.

Preston, P. J., concurred.

Plummer, J., concurred in the judgment of reversal.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 20, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1931.

Curtis, J., dissented.

Preston, J., did not participate.