[S. F. No. 14565. In Bank.—May 31, 1932.]

MT. SHASTA POWER CORPORATION (a Corporation), Petitioner, v. THE SUPERIOR COURT OF SHASTA COUNTY et al., Respondents.

William B. Bosley, Chenoweth & Leininger, Athearn, Chandler & Farmer and Frank R. Devlin for Petitioner.

Jesse W. Carter, Arthur C. Huston and Annette Abbott Adams for Respondents.

THE COURT.—This ·is an application for a writ of mandate to compel the respondent judge to settle a proposed bill of exceptions.

On June 4, 1923, Anna McArthur commenced an action in Shasta County (No. 6319), against the petitioner corporation, alleging that her lands situated on Pit River above the confluence of Pit River and Fall River were riparian to Fall River as well as to Pit River in the summer-time; and that the corporation was unlawfully diverting from her lands the waters of Fall River for electric power purposes. She sought an injunction to restrain the corporation from continuing the diversion, and damages in the sum of $90,000. Upon the trial of the action and on March 22, 1929, the jury returned a verdict for the plaintiff in the sum of $32,500 as damages on account of the alleged unlawful diversion. Judgment was entered accordingly. A motion for a new trial was denied. Notice of appeal to this court was duly given and filed. Within due time and on July 12, 1929, counsel for the corporation served upon the attorneys for the plaintiff in said action, and delivered to the clerk of the court the original of a proposed bill of exceptions. The trial of the action occupied thirty-one trial days. The reporter's transcript consists of 2,220 pages and the proposed bill of exceptions consists of 533 typewritten legal cap sheets, exclusive of exhibits. About ten months thereafter, to wit, on May 10, 1930, counsel for the plaintiff served and filed with the clerk of the court 113 amendments to the proposed bill. It is not contended that the amendments were not served and filed within time.

During the pendency of the contemplated settlement of the bill in this case, referred to by counsel as the Anna McArthur case, there were other companion cases pending in said court brought against the same defendant, the petitioner herein, by numerous other plaintiffs, in which the issues were the same in that they were all brought to obtain an injunction

and damages for unlawful diversion of water. The petitioner's power plant is the one involved in the case of *Fall River Valley Irr. Dist.* v. *Mt. Shasta Power Corp.*, 202 Cal. 56 [56 A. L. R. 264, 259 Pac. 444]. Counsel for the parties in all of the companion cases are and have continued to be the same. The other cases are noted in the petition, with the superior court numbers, as *Merton Crum et al.* v. *Mt. Shasta Power Corp.*, No. 6312, *William J. Albaugh* v. *Mt. Shasta Corp.*, No. 6316, *Luther McArthur* v. *Mt. Shasta Power Corp.*, No. 6317, and *Roderick McArthur* v. *Mt. Shasta Power Corp.*, No. 6318. In these cases the trials likewise resulted in judgments for the plaintiffs, and after the entry thereof and notices of appeal, bills of exceptions on behalf of the defendant were in course of preparation and settlement. The records on appeal were completed in the Crum and Albaugh cases and on the appeals the judgments were reversed on October 21, 1931. (*Crum* v. *Mt. Shasta Power Corp.*, 117 Cal. App. 586 [4 Pac. (2d) 564] ; *Albaugh* v. *Mt. Shasta Corp.*, 117 Cal. App. 612 [4 Pac. (2d) 574].) The judgments of reversal became final on December 20, 1931. On June 12, 1931, the matter of the settlement of the bills of exception in the three McArthur cases, including the case involved in the present proceeding, was brought up in open court at the request of counsel for the defendant. Counsel for the respective parties were then present in court and the matter was specially set for July 17, 1931. Thereafter the matter was continued by the court from time to time until December 15, 1931, at which time counsel for the plaintiffs in said actions first objected to the settlement of said bills of exceptions on the ground that the same had not been presented for settlement within the time and in the manner provided by law; that the presentation thereof on June 12, 1931, was more than ten days after the service of the proposed amendments and that the defendant had thereby abandoned and lost its right to a settlement of the same. The settlement of the bills and the objections thereto were presented to the court and submitted for decision. On February 5, 1932, the respondents made and entered an order sustaining the objections and dismissing the proceedings on the ground that the proposed bills and amendments "were not presented to the judge or delivered to the clerk for the judge within ten days after the service of said proposed

amendments''. The present proceeding was commenced on February 13, 1932. The petition is rather voluminous and, in addition to the facts above noted, which are undisputed, sets forth correspondence between counsel and between counsel for the petitioner and the respondent judge with reference to the progress of negotiations between counsel as to an agreement on the proposed bills and amendments; with reference to the desire of counsel for the petitioner to have the bills settled and with reference to conferences between counsel in an endeavor to arrive at an agreement, during all of which time counsel for the plaintiffs in said actions made no objection to the delay in pressing the bills for settlement until December 15, 1931. Upon the facts as so alleged the petitioner claims that the plaintiffs' counsel waived and is estopped to assert his objections to such settlement.

The respondent judge has filed a demurrer to the petition, a motion to strike certain allegations thereof, and an answer, as the return to the alternative writ. The answer denies for want of information or belief the allegations with reference to what took place by correspondence and conference between counsel but admits the facts alleged of which the respondent judge had personal knowledge and which have hereinbefore been stated as undisputed.

At the outset the essential and undisputed facts are that both the proposed bill of exceptions and the proposed amendments thereto were prepared, presented to and filed with the clerk of the respondent court within due time and that they were not presented to the trial judge personally. The question first to be considered relates to the obligations of litigants and the powers and duties of the trial judge under section 650 of the Code of Civil Procedure, as applied to these undisputed facts. That section has had consideration and been applied under varying statements of facts in numerous cases in this state. To set at rest any confusion that may exist as to the application of the section to the facts here presented, a fuller discussion will be indulged in than would otherwise seem necessary.

Where the preparation and settlement of a bill of exceptions is the appropriate method of presenting a record on appeal, said section 650 provides that the party desiring same may, within the time prescribed, prepare the draft of a bill and serve the same, or a copy thereof, upon the adverse

party. Within ten days after such service the adverse party may prepare amendments thereto and serve the same or a copy thereof on the adverse party. The proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill *to the judge* who tried the case upon five days' notice to the adverse party or be delivered *to the clerk* for the judge. When received by the clerk it is made his duty to deliver them immediately to the judge if he is in the county, etc. ''When received from the clerk the judge must designate the time at which he will settle the bill and the clerk must notify the parties of such designation. At the time designated the judge must settle the bill.''

From the foregoing provisions of the code section it is observed that two methods of procedure are plainly provided for: First, the party seeking the settlement of the bill may present the same to the judge personally for settlement. When this method is pursued the required notice must be given within the specified time. Secondly, the party desiring the settlement of the bill may deliver the same to the clerk for the judge and it is made the duty of the clerk to deliver the same immediately to the judge, whose duty in turn is to designate the time at which he will settle the bill, followed by notice from the clerk to the parties as to the time so fixed. In such case no notice from the party seeking the settlement of the bill to the adverse party of the delivery of the bill and amendments to the clerk is required and when they are so delivered to the clerk the party proposing the bill cannot thereafter be placed in default in advance of notice from the clerk of the time designated by the judge for settlement. It appears in the present proceeding without contradiction that the proposed bill and the proposed amendments were filed with the clerk of the court within time. The parties received no notice of the time of settlement except as may be inferred from the fact that in open court on June 12, 1931, which was a regular law and motion day in said court, and in the presence of counsel for both parties, the matter of the settlement of said bill was fixed for July 17, 1931. At that time the matter was continued from time to time until December 15, 1931, when counsel for the plaintiff first objected to the delay in the settlement of the bill. We are of the opinion that the petitioner herein was not in default when the matter came on for disposition on that day.

It is alleged in the petition that the proposed bill and proposed amendments were delivered to the clerk *for the judge* within time. The answer does not challenge this allegation in so far as it avers a delivery of the same to the clerk, but denies that the same were so delivered *for the judge*. No issuable fact is thus presented. There is no provision of the statute requiring that the party delivering the proposed bill to the clerk or the party delivering the proposed amendments to the clerk, must state that the same are so delivered *for the judge*. When they are delivered to the clerk, they are so delivered for the judge. The clerk in such case is the agency through which the bill is delivered for the judge. It could be so delivered for no other purpose, and was in his possession for the judge. (*Keating* v. *Keating*, 169 Cal. 754, 757 [147 Pac. 974].) The point is without merit. The form of the order of the court sustaining the objections to the settlement would indicate, however, that the point was determinative in character. There is no showing or contention that the proposed bill and proposed amendments were ever presented to the judge personally. They were, however, delivered to the clerk for the judge within time and when so delivered no obligation rested on the proponent of the bill to do more until he received notice from the clerk of the time designated by the judge for settlement. No such notice appears to have been given in this case and after the matter of settlement came on in open court on June 12, 1931, the continuances thereafter appear to have been regular and in no sense due to any default or neglect on the part of the petitioner.

The foregoing is in line with numerous decisions of this court and the District Courts of Appeal in applying sections 650 and 659 of the Code of Civil Procedure to similar statements of fact. Section 659 formerly provided for the preparation and settlement of a statement of the case on appeal, but the procedure was in all material respects the same as is now required for the preparation and settlement of a bill of exceptions. After quoting the pertinent similar provisions of the two sections, this court said in *Mellor* v. *Crouch*, 76 Cal. 594, at page 596 [18 Pac. 685] : ''The obvious purpose of these provisions is that the parties may have notice of the time when the statement will be settled. When the statement and the amendments are presented directly to the judge,

there is no provision for any notice of the time of settlement to be thereafter given by either the judge or clerk; and in such case, therefore, the five days' notice mentioned in section 659 must be given by the party himself. But when the papers are delivered to the clerk for the judge, the purpose of the code is effected through the requirement that *then* the judge must designate a time for the settlement and the clerk must give notice of it. The provision about the five days' notice in section 659 qualifies, we think, only the preceding clause of the sentence, and is not applicable to the case when the statements and amendments are delivered to the clerk for the judge." The foregoing language and holding were quoted and approved by the court in *Curtin* v. *Ingle,* 155 Cal. 53, 56 [99 Pac. 480]; and the holding was later approved in *Keating* v. *Keating, supra.* To the same effect are *Woody* v. *Security-Trust & Sav. Bank,* 104 Cal. App. 64 [285 Pac. 356], and *Lester* v. *Superior Court,* 105 Cal. App. 258 [287 Pac. 132]. These cases present a correct interpretation of the requirements of section 650 of the Code of Civil Procedure.

The cases relied upon by the respondents are not in point on the facts. Two of them, however, are so strongly urged as controlling precedents that they require notice. The first is *Parry* v. *Campbell,* 72 Cal. App. 755 [238 Pac. 130]. That case involved a motion to strike the transcript on appeal from the files and to dismiss the appeal on the ground that the bill of exceptions, which constituted the transcript upon appeal, "was not prepared, served or presented to the clerk or the court or counsel within the time allowed by law, nor was proper notice of the time of settlement given counsel". The trial court had settled the bill, holding "that the law does not require the presentation of said proposed bill of exceptions or of said proposed amendments thereto within ten days after service of said proposed amendments". The statement of facts does not disclose what occurred in the trial court except by inference. If it was the fact in that case that the proposed bill and amendments were not presented to the judge personally or to the clerk for the judge within ten days after service of the proposed amendments, the holding of the trial court was clearly erroneous and the motions were properly granted. The opinion goes on to say that the trial court also held that the law "does not

require the giving of five days' notice to the adverse party of the time of said settlement when the bill of exceptions and amendments thereto are presented to the clerk for the judge who tried the case instead of to the judge personally''. The correctness of the holding of the trial court as to when the five days' notice is required is not directly passed upon and whether or not it was pertinent to the facts as presented by the record in that case, the ruling of the trial court was correct. After quoting from said section 650 the opinion then states: ''The limitation as to time seems to apply as well to delivery to the clerk for the judge as to a delivery to the judge himself.'' The limitation mentioned obviously referred to the limitation of ten days after service of proposed amendments for the presentation of the bill to the judge personally or to the clerk for the judge, and such must have been deemed the effect of the opinion when the petition for a hearing in this court was considered and denied.

The other case especially relied upon by the respondents is *Wilson* v. *Wilson,* 207 Cal. 364 [278 Pac. 440], wherein it was held, under the peculiar circumstances disclosed, that there was some duty imposed on counsel for the proponent to have the proposed bill presented to the new judge after the death of the judge who tried the case, and that the successor in office of the deceased judge had not abused his discretion in refusing to settle the bill. The ruling in that case may not be extended beyond the limitations of the particular facts presented. The requirements of section 650 were not mentioned or commented upon and that case may not be considered as having overruled or disturbed the holding in the Keating and other cases above referred to.

In order to indicate definitely the two methods of procedure to be followed under said section 650, the following should be observed:

First: When the draft of the proposed bill of exceptions has been prepared and served as required by the first and second paragraphs of the section and proposed amendments have been prepared and served as required by the next paragraph of the section, the proposed bill and amendments may be presented by the party seeking the settlement to the judge who tried the case within ten days after service upon the proponent of the proposed amendments. In such case the five days' notice of such presentation must be given.

■ Secondly: When the proposed bill and amendments are prepared and served within due time and are not presented to the judge himself but are delivered to the clerk for the judge before the expiration of ten days from and after the service of the proposed amendments, the five days' notice is not required. In such case it is the duty of the clerk immediately to deliver the proposed bill and amendments to the judge, who, upon receipt of the same, is required to designate a time when he will settle the bill.

■ Notice of the time so designated must thereupon be given by the clerk to the parties. When, as in the present case, such notice is not given, but the matter of the settlement is placed on the law and motion calendar or otherwise placed before the judge prior to the default of either party, continuances of the matter to some future date are not in and of themselves sufficient to place either party in default.

■ The demurrer to the petition herein admits the truth of the averments setting forth facts which it is claimed constitute a waiver of the delay on the part of the appellant in said action in pressing the settlement of the bill, and an estoppel to insist upon the objections. We are of the opinion that the petition states sufficient facts in these and other respects to entitle the petitioner to the relief sought. The demurrer is therefore overruled. In order to clear the record the motion to strike from the petition certain allegations is denied. The answer of the respondent judge, as above stated, denies for want of information or belief certain allegations having to do with negotiations between counsel looking to an agreement on the settlement of the bill. These denials present controverted issues of fact on the questions of waiver and estoppel and would require a reference were it not for the fact that upon the undisputed showing and the proper construction of section 650 of the Code of Civil Procedure the petitioner should prevail.

It is the duty of the respondents to designate a time for the settlement of said bill of exceptions, and after due notice to the parties to said action, to proceed to settle the same.

Let the peremptory writ issue as prayed.